CONNECTICUT MUTUAL LIFE INS. CO. *vs.* JAMES TUCKER *et al.*

PROVIDENCE—MAY 3, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Life Insurance. Interpleader.*

Where a life insurance company has issued a policy upon the life of A., payable to B., if living, and in case of B.'s death, before the decease of A., payable to B.'s children, and has subsequently permitted B., having at the time children living, to assign her interest under the policy to A., and has issued a new policy at the request of A. bearing the same date but payable to the estate of A., it cannot, upon the death of A., maintain a bill of interpleader. The case presented is not one of a double demand of one duty, but is a case in which there may be two liabilities, created by the act of the company.

BILL OF INTERPLEADER. The facts are stated fully in the opinion. Bill dismissed.

ROGERS, J. This is a bill of interpleader heard on bill and answers as to whether the parties respondent shall be ordered to interplead.

The bill avers that on July 19, 1864, on the application of Olive A. Pinkham, wife of Hervey Pinkham, a policy of insurance, No. 38,520, was issued by the complainant upon the life of said Hervey for $2,000, payable to said Olive, if living, and in case of the death of said Olive before the decease of said Hervey, the amount of said insurance to be payable after her death to her children for their use, within ninety days after proof of death of said Hervey furnished to said complainant; that on August 4, 1869, said Olive assigned all her right, title, and interest under said policy to her husband, the said Hervey, and of this assignment said complainant had notice August 6, 1869 ; that at the time of the assignment from said Olive to said Hervey on August 4, 1869, there were living, issue of said Olive, a son, the respondent Frederick Pinkham, and a daughter, Julia F. Pinkham, the said Frederick and Julia being the only children ever born to said Olive and said Hervey ; that on said August 6, 1869, said Hervey gave the complainant notice of said assignment by said Olive to him, and transmitted said policy to complainant with the request that a policy be reissued bearing the same date, number, and amount as the said surrendered policy, but payable to the estate of said Hervey, and that the complainant did on August 9, 1869, in accordance with said request and with no notice or knowledge of any other equities in said policy, issue a new policy in manner and form as requested by said Hervey ; that on July 19, 1869, said Hervey assigned all his right, title, and interest in and to said policy No. 38,520 to the respondent Darius Pinkham, and of this assignment said complainant was first notified January 14, 1879 ; that April 1, 1887, said Darius made a certain promissory note to the respondent Ulysses Racine, purporting to give said Ulysses a lien on the proceeds of said policy, and in addition thereto said Darius pledged said policy to said Ulysses as security for the payment of said note; that March 10, 1894, said Darius assigned said policy No. 38,520 to said respondent James Tucker, of which assignment said complainant had notice on March 18, 1895 ; that the said Olive died in 1887 ; that said Hervey died July 2,

1890, intestate, and that said policy became a claim against the complainant according to the terms thereof for the sum of $1,918.02, which it averred it had then and has always since been ready and willing to pay to the parties legally entitled to have and receive the same; that on July 11, 1900, said respondent Tucker, and on August 4, 1900, said respondent Ulysses Racine, respectively, made claim upon the complainant for the payment of the proceeds of said policy to them, respectively, and that said respondent Ulysses Racine began suit on August 30, 1900, against the said Darius Pinkham to recover the balance due on said promissory note, and therein summoned the complainant as trustee of the said Darius Pinkham; that on or about May 26, 1880, said Julia F. Pinkham, who had previously intermarried with one W. C. G. Phetteplace, died intestate, and that the respondent Ratcliffe G. E. Hicks has been duly appointed administrator on her estate, and has qualified as such, and that the respondent Frederick A. Jones has been duly appointed administrator on the said Hervey Pinkham's estate, and has qualified as such. The complainant asks for leave to pay said sum of $1,918.02 into the registry of the court, and that the several respondents be required to interplead. The respondents have severally filed answers, some claiming under said policy No. 38,520, as originally issued, and some under the substituted policy No. 38,520; and the question before the court is whether this is a proper case for interpleader.

It is apparent from the terms of the policy that it was payable to Mrs. Olive A. Pinkham only in case she survived her husband, Hervey Pinkham; and in case her husband survived her it is expressly provided that the policy shall be payable to her children. It is not disputed that Mrs. Pinkham died before her husband, and that her son, the respondent Frederick Pinkham, not having joined in any assignment of his beneficial interest in policy No. 38,520, as originally issued, is claiming here under that policy. So, too, we understand that the respondent Hicks, administrator of the estate of Julia F. Phetteplace, a deceased daughter of the said Olive A. and Hervey Pinkham, is also claiming under

said policy as originally issued.    See *Connecticut Mutual Life Ins. Co.* v. *Baldwin*, 15 R. I. 106 ; *Connecticut Mutual Life Ins. Co.* v. *Burroughs*, 34 Conn. 305; *Knickerbocker Life Ins. Co.* v. *Weitz*, 99 Mass. 157.

(1)    On the other hand all the other parties respondent, and if not all, some of them, at least, claim under the policy as reissued.    By issuing the two policies the complainant has exposed itself to claims under both, and must meet them as best it can.    If the complainant created a new liability upon itself by issuing the second policy without obtaining a sufficient discharge from the original policy, it would be its own fault.    This is not a case of a double demand of one duty ; but it is a case in which there may be two liabilities.

Says Sir James Wigram, Vice-Chancellor, in *Crawford* v. *Fisher*, 1 Hare, 436, 441 :  "The office of an interpleading suit is not to protect a party against a double liability, but against double vexation in respect of one liability.    If the circumstances of a case show that the plaintiff is liable to both claimants, that is no case for interpleader.    It is of the essence of an interpleading suit that the plaintiff shall be liable to one only of the claimants ; and the relief which the court affords him is against the vexation of two proceedings on a matter which may be settled in a single suit."

In *National Life Ins. Co.* v. *Pingrey*, 141 Mass. 411, where the facts were practically identical with those in the case at bar, the Supreme Judicial Court of Massachusetts held that a bill of interpleader could not be maintained.

See also *Greene et al. Trustees* v. *Mumford et al.*, 4 R. I. 313 ; *Crawshay* v. *Thornton*, 2 Myl. & Cr. 1 ; *Jew* v. *Wood*, 1 Cr. & Ph. 185 ; *Desborough* v. *Harris*, 5 De G. M. & G. 439 ; *Baker* v. *Bank of Australasia*, 1 C. B. (N. S.) 515.

In our opinion the complainant cannot have an order that the respondents interplead when one important question to be tried is whether by reason of its own act it is under different liabilities to more than one of these respondents.    Upon such a question the complainant ought to be in a position to be heard ; but on a bill of interpleader, which assumes that

the complainant is a mere stakeholder, the complainant cannot be heard.    *Houghton* v. *Kendall*, 7 Allen, 72.

Bill dismissed.

*Chester W. Barrows*, for complainant.

*Dexter B. Potter*, *Joseph W. Sweeney*, *Henry M. Boss, Jr.*, *James A. Williams*, *and John S. Murdock*, for respondents.