## CALLOWAY v. MILES.

Circuit Court of Appeals, Sixth Circuit. January 18, 1929.

No. 5046.

Canada, Williams & Russell, of Memphis, Tenn., for appellant.

L. B. Alexander, of Paducah, Ky., for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge. This is a controversy over an industrial insurance policy issued by the Prudential Insurance Company

of America on the life of Lyman Miles. Miles died April 17, 1926, with the policy in force. The amount due was $693.00. On May 14, 1926, Ethel G. Calloway brought suit against the company in the chancery court of Shelby county, Tenn., seeking to recover the above amount. On the —— day of October, 1926, Albert Miles, as administrator of the estate of Lyman Miles, and individually, likewise brought suit against the company in the circuit court of McCracken county, Ky., seeking to recover upon the policy. Whereupon the company brought its bill of interpleader, under title 28, § 41, subsection 26, U. S. C. (28 USCA § 41, subsec. 26), against both Miles and Mrs. Calloway, seeking an injunction against said separate suits, and that it be discharged, and that defendants be required to interplead. The fund was paid into court. A temporary injunction was granted restraining the prosecution of both above mentioned suits. Both defendants answered, and thereupon each filed an answer to the answer of the other and the case proceeded to a final hearing. The original suits against plaintiff were thus diverted into a contest between the defendants. The plaintiff introduced no testimony. The court held that Albert Miles, administrator, was entitled to the fund and directed its payment to him and discharged the plaintiff. The defendant, Mrs. Calloway, appealed and assigned errors.

A careful review has convinced us that the bill should have been dismissed. It cannot be sustained upon the record as a bill of interpleader. Section 41, subsec. 26, of title 28, U. S. C., carried into the Code from the Act of February 22, 1917, c. 113, as amended by the Act of February 25, 1925, c. 317, does not change the equitable principles controlling interpleader. It is jurisdictional only. It simply confers jurisdiction upon the District Court "of suits in equity begun by bills of interpleader," where adverse claimants of insurance are residents of different states with one residing in the district where the suit is brought.

The equitable remedy of interpleader has certain essential elements. We mention only those material here:

First—If the hazard which plaintiff seeks to avoid has been occasioned by his own act he is not entitled to the remedy. Pomeroy's Equity Jurisprudence, vol. 4, § 1473, p. 3478; Connecticut Mutual Life Ins. Co. v. Tucker, 23 R. I. 1, 4, 49 A. 26, 91 Am. St. Rep. 590; Jax Ice & Coal Storage Co. v.

South Florida Farms Co., 91 Fla. 593, 608, 109 So. 212, 48 A. L. R. 957.

Second—The plaintiff must be a stakeholder only. He must stand indifferent between the claimants, and must have incurred no independent liability to either of them. Pomeroy's Eq. Jurisp. vol. 4, § 1464, p. 3461; Story's Eq. Pl. § 297, p. 292; Gibson's Suits in Chancery, § 717, p. 640; Killian v. Ebbinghaus, 110 U. S. 568–574, 4 S. Ct. 232, 28 L. Ed. 246. In Standley v. Roberts (C. C. A.) 59 F. 841, Judge Sanborn said:

"No case for an interpleader can be made where the holder or debtor has made an independent, personal agreement with some of the claimants regarding the subject-matter claimed, so that he is under a liability to them beyond that which arises from the title to the subject-matter," and in this connection, even if he has in any way made himself liable for the sum demanded to two claimants, he is not entitled to an interpleader. Pomeroy's Eq. Jur. § 1460, p. 3456; Jax Ice & Coal Storage Co. v. South Florida Farms Co., supra; Connecticut Mutual Life Ins. Co. v. Tucker, supra; Montpelier v. Capital Savings Bank, 75 Vt. 437, 56 A. 89, 98 Am. St. Rep. 834.

Third—If plaintiff knows to which of the claimants he can rightfully or safely pay, and thus protect himself, or if the hazard to which he conceives himself to be exposed has no reasonable foundation, he cannot maintain this equitable remedy. Pomeroy's Eq. Jur. vol. 4, § 1459, p. 3452; Id., § 1461, p. 3457; Daniell, Chancery Practice, § 1560; Story's Eq. Pl., § 291, p. 289.

Measured by these fundamental rules, plaintiff's action fails. The policy provides that immediately upon receipt of proof of death the company will pay the amount due to the executors or administrators of the insured unless payment be made under the provisions of what is styled the "facility of payment" clause. This clause is as follows:

"Facility of Payment.—It is understood and agreed that the said company *may* make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient

proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

On the record, Mrs. Calloway's demand did not arise directly upon the policy. Her claim is that, by virtue of an agreement between the deceased, Miles, the company's collector, and herself, she paid the premiums and kept possession of the policy and of the premium receipts, with the understanding that the company would pay her the proceeds of the policy upon Miles' death; that this agreement was also confirmed by the assistant superintendent of the company, and that after the death of the insured she surrendered the policy and the premium receipt book, showing the payment of premiums by her, to the adjuster of the company, upon the agreement that she would be paid the proceeds of the policy. Her suit is upon authority of La Raw v. Prudential Ins. Co., 56 App. D. C. 199, 12 F.(2d) 140, 143, 49 A. L. R. 935, and Wallace v. Prudential Ins. Co., 174 Mo. App. 110, 157 S. W. 1028. The suit of Albert Miles, as administrator, is based directly upon the policy contract. The company knew its rights, or at least should have known them. It wrote the policy upon its own standard form. Payment to Mrs. Calloway was optional and such payment would have protected the company. La Raw v. Prudential Ins. Co., supra. It declined to pay her. It therefore became bound under another provision of the policy contract upon presentation of proof of death to immediately pay Miles. It declined to pay him. A suit by each party in the state court naturally resulted. The plaintiff wittingly placed itself in this situation and equity cannot relieve it at the expense of these claimants. Again, the plaintiff cannot stand aside and cast upon these claimants the burden of settling the question of whether plaintiff obligated itself to Mrs. Calloway. This is an issue between the plaintiff and Mrs. Calloway, and not between the claimants. If plaintiff brought this new liability upon itself, it is its own fault and it must protect itself the best it can. See cases supra.

For the reasons indicated, the case is remanded to the District Court, with instructions to dismiss the bill for lack of jurisdiction, and the clerk will certify the cost of this appeal to the District Court, to be charged against the plaintiff as a part of the cost on dismissal.