## NATIONAL FIRE INS. CO. v. SANDERS et al.*

## HARTFORD FIRE INS. CO. v. SAME.
### No. 5636.

Circuit Court of Appeals, Fifth Circuit.
Feb. 25, 1930.

*Rehearing denied April 8, 1930.

Appellants are insurance companies organized under the laws of Connecticut. They had issued policies to W. D. Sanders, a citizen of Texas, residing within the jurisdiction of the District Court, and covering a dwelling house owned by him, situated in De Kalb, Texas. The building was destroyed by fire, and eventually the insurance was adjusted by appellants at $3,400, and $4,250, respectively.

After the fire, but before the adjustment, the Armour Fertilizer Works, hereafter called Armour, a corporation organized under the laws of Illinois and domiciled in Chicago, filed suit in the municipal court of Chicago against Sanders to recover on certain promissory notes, amounting in principal and interest to $7,589.81. Jurisdiction was obtained by publication and attachment, on the ground of nonresidence, secured through garnishment proceedings against appellants. Sanders did not appear and judgment by default was entered against him. Judgment had not been entered against appellants as garnishees when these suits were filed.

Sanders advised appellants that the building covered by the policies constituted his homestead at the time of its destruction; that under the laws of Texas the proceeds of the policies were exempt from seizure and that he would hold them liable, notwithstanding any judgment rendered in the Armour suit.

Appellants filed their bills in the District Court impleading Armour and Sanders, invoking jurisdiction under and by virtue of the Act of February 22, 1917, as amended by the Act of February 25, 1925 (28 USCA § 41, subd. 26). The said act gives to any insurance company the right to file a bill of interpleader, on depositing the amount admitted to be due in the registry of the court, where the amount involved is $500 or more, and two or more adverse claimants, citizens of different states, are claiming to be entitled to the insurance. Jurisdiction is vested in the District Court within the jurisdiction of which one of the claimants resides. That court is given power to hear and determine the cause and discharge the complainant from further liability, to enter all necessary orders and decrees, and to issue such writs as may be proper, customary, and convenient to carry out and enforce the decree.

Armour answered, objecting to the jurisdiction of the court and praying for the dismissal of the bill; and, in the alternative, it prayed that the amount deposited be award-

Will C. Thompson, of Dallas, Tex. (Thompson, Knight, Baker & Harris, of Dallas, Tex., on the brief), for appellants.

Alfred McKnight, of Fort Worth, Tex. (W. C. Kirk, of Chicago, Ill., and Warren Scarborough and Cantey, Hanger & McMahon, all of Fort Worth, Tex., on the brief), for appellee Armour Fertilizer Works.

Alvin H. Lane, of Dallas, Tex. (Rodgers & Rodgers, of Texarkana, Tex., and Winfrey & Lane, of Dallas, Tex., on the brief), for appellee W. D. Sanders.

Rollin W. Rodgers, of Texarkana, Tex. (Rodgers & Rodgers, of Texarkana, Tex., and Winfrey & Lane, of Dallas, Tex., on the brief), for appellee Mrs. W. D. Sanders.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

These two cases were consolidated for trial and on appeal. The facts are not disputed, are practically identical, and the suits may be disposed of as one case.

ed to it. Sanders filed answer claiming the proceeds of the policies as exempt under the laws of Texas. Mrs. Sanders, his wife in community, intervened, asking the same relief as her husband. The intervention may be dismissed from further consideration as immaterial.

After a hearing the District Court reached the following conclusions, as appears from a memorandum opinion in the record, 33 F.(2d) 157. That the statute does not enlarge the functions or application of the equitable principles of interpleader; that the controversy is not one between adverse claimants, as Armour claims through Sanders; that the Illinois court had gotten possession of the res and had jurisdiction over it to the exclusion of any other court; that its judgment would afford complete protection to appellants, and therefore they have an adequate remedy at law. For these reasons the bills were dismissed for want of jurisdiction.

As to the first-mentioned conclusion, reliance is had on Calloway v. Miles (C. C. A.) 30 F.(2d) 14. It may be conceded that the statute does not enlarge the equitable right of interpleader, but neither does it restrict it. It is not necessary to seek any enlargement of equitable right from the statute in this case. It is a fundamental principle of interpleader that its office is not so much to protect a party against double liability as against double vexation in respect of one liability. It is immaterial whether the danger apprehended comes from suits pending or merely threatened. In either case, a court of equity having jurisdiction over the parties may enjoin the institution or further prosecution of the suits and grant adequate relief to the stakeholder and the adverse claimants of the fund. Pomeroy's Equity Jurisprudence (4th Ed.) par. 1320; Street's Federal Equity Practice, par. 2236. Calloway v. Miles, supra, is not persuasive as it does not give effect to the fundamental principle of interpleader, that a bill will lie to protect a party against double vexation.

It would seem to be of little concern to the District Court whether the res had been impounded by the Illinois court or not, as it has a fund in its own hands to award to either of the claimants, but we do not think that the attachment and garnishment proceedings vested jurisdiction of the res in the Illinois court. If the Illinois suit were truly an action in rem it would be different, as its judgment would conclude the world, but an attachment through garnishment is only quasi in rem. Freeman v. Alderson, 119 U. S. 185, 7 S. Ct. 165, 30 L. Ed. 372. What was attached was a credit, and not any particular fund or tangible property of any kind. The suit against Sanders was in personam though quasi in rem to the extent that the judgment could be satisfied only out of the property attached. Any judgment to be rendered against appellants as garnishees would be a personal judgment, to be satisfied out of any of their property, and not out of any particular fund or segregated property. 28 C. J. p. 21. Armour has cited the provisions of the Illinois statutes relative to attachment and garnishment, and a number of decisions of the Supreme Court of that state, but we find nothing in the authorities cited to change at all the general rule.

We think that the facts in this case show that the District Court is mistaken in concluding that the claims of Armour and Sanders are not adverse. Each is claiming the proceeds of the policies to the exclusion of the other. Armour claims by virtue of its Illinois judgment against Sanders and the attachment, and Sanders, while not disputing his obligation to Armour, claims the proceeds, notwithstanding, by virtue of the exemption under the laws of Texas. The statute is remedial and to be liberally construed. It is broad enough to cover any adverse claims against the proceeds of the policies, no matter on what grounds urged. Its terms are not to be interpreted as meaning only adverse claims of those pretending to be beneficiaries of the insured.

In support of the conclusion, as to an adequate remedy at law being available to appellants, the following cases are cited: Chicago, R. I. & P. R. Co. v. Sturm, 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144; and Harris v. Balk, 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084. There are many others of the same tenor, but they need not be referred to.

It is conceded that the courts of Illinois would not recognize the exemption claimed by Sanders and it is quite possible that the courts of Texas would give full effect to the exemption and render judgment against appellants, disregarding the judgment of the Illinois courts. Johnson v. Hall (Tex. Civ. App.) 163 S. W. 399.

Conceding, arguendo, that appellants would have a remedy at law ultimately, by litigating the second suit, it is well settled that a remedy at law to oust equitable jurisdiction must be as practical and efficacious

to the ends of justice as the remedy in equity. Jurisdiction in equity will be sustained where time, expense, and multiplicity of suits will be saved. Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43. The two cases just cited illustrate the necessity of interpleader to adequately protect a party from adverse claims based on a single liability. In each case the appellants had been garnisheed in the courts of a state, and had paid the judgment. That judgment had been disregarded by the courts of another state, and the appellants were compelled to carry the cases through the Supreme Courts of the second states up to the Supreme Court of the United States in order to secure the protection of the full faith and credit clause of section 1, art. 4, of the Constitution of the United States. The amount involved in each case was less than $200. It is quite apparent that the expense of litigation exceeded many times the amount of the second judgment rendered. No doubt it was to prevent this very species of injustice that Congress adopted the act of 1917, recognizing that insurance companies doing an interstate business are more apt to be subjected to this kind of vexation than any other litigant.

We think that on the case presented the District Court had jurisdiction to grant relief to appellants and to determine which of the claimants is entitled to the fund deposited in court, neither of which parties can lose anything by the filing of the bill. If a lien attached to the funds, by virtue of the garnishment, it followed them into the registry of the District Court and may be given full force and effect. On the other hand, if the exemption claimed by Sanders is superior, judgment may be awarded to him. We express no opinion on either of these points.

As what has been said above requires a reversal of the judgment appealed from, in view of a second trial, we may consider the contentions of Armour that the District Court is without power to issue an injunction to stay proceedings in a state court because of the prohibition of section 720, R. S. (28 USCA § 379), and that the process of the court will not run out of the district. The act itself answers these contentions adversely. Furthermore, it is well settled that a federal court may issue an injunction to the parties litigant in a state court in order to preserve its jurisdiction properly attaching. Simon v. So. R. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492. And, when jurisdiction is specially vested, the process of the District Court may be served anywhere in the country. U. S. v. Congress Const. Co., 222 U. S. 199, 32 S. Ct. 44, 56 L. Ed. 163.

Reversed, and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.