## METROPOLITAN LIFE INS. CO. v. SEGARITIS et al.

### No. 9751.

District Court, E. D. Pennsylvania.
Sept. 24, 1937.

740

Dechert, Smith & Clark, of Philadelphia, Pa., and Otto E. Farquhar, of Pottsville, Pa., for plaintiff.

Kilker & Kilker, of Girardville, Pa., for defendants.

MARIS, District Judge.

This is an interpleader bill filed by the plaintiff life insurance company against the administratrix of the estate of its insured and another. The insured died September 22, 1936, while the plaintiff's policy was in force. Proofs of death were filed by defendant Ellen Kavalus, who also produced the policy and claimed its proceeds. Defendant Anna Segaritis, as administratrix of the insured's estate, also claimed the proceeds of the policy and brought suit therefor in the court of common pleas of Schuylkill county, Pa. The policy contained the so-called "facility of payment" clause under which the plaintiff had the right at its election to make payment of the proceeds of the policy to the wife or any relative by blood or connection by marriage of the insured or to any person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his burial. In default of such election, however, the policy was payable to the executor or administrator of the insured. The bill was brought under 28 U.S.C. § 41, subd. 26, 28 U.S.C.A. § 41(26), which confers upon this court jurisdiction "of suits in equity begun by bills of interpleader or bills in the nature of bills of interpleader duly verified, filed by any person, firm, corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of the value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if—

"(i) Two or more adverse claimants, citizens of different States, are claiming to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy, or other instrument, or arising by virtue of any such obligation; and

"(ii) The complainant (a) has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court; or (b) has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the complainant with the future order or decree of the court with respect to the subject matter of the controversy."

Defendant Anna Segaritis, the administratrix of the insured, has moved to dismiss the bill for want of jurisdiction. Two reasons are assigned in support of her motion. The first is that the suit does not involve the value of $500, as required by the statute, the face amount of the policy being only $486. As to this it is sufficient to say that, while the face of the policy was only that amount, the plaintiff has admitted its liability to pay maturity dividends and accumulations in addition thereto. The total amount which it admits to be due and payable and which it has deposited in the registry of this court is $500.03. Since this is more than the amount stipulated in the statute, this court has jurisdiction so far as the amount in controversy is concerned.

The defendant Anna Segaritis further urges that the court has no jurisdiction, for the reason that there are not two adverse and bona fide claimants to the fund. Her argument is that the policy is payable by its terms to her as administratrix of the insured and that payment to any other party under the "facility of payment" clause is not of right but merely at the plaintiff's election. She argues that for this reason the other defendant Ellen Kavalus cannot have an enforceable claim against the plaintiff, and consequently, since there are not two bona fide adverse claimants, the court has no jurisdiction of the interpleader bill.

In considering this point it must be borne in mind, as was said by Mr. Justice McReynolds in Sanders v. Armour Fertilizer Works, 292 U.S. 190, 199, 54 S.Ct. 677, 680, 78 L.Ed. 1206, 91 A.L.R. 950, that "The statute is remedial and to be liberally construed. It is broad enough to cover any adverse claims against the proceeds of the policies, no matter on what

grounds urged. Its terms are not to be interpreted as meaning only adverse claims of those pretending to be beneficiaries of the insured." The purpose of the statute is to give the stakeholder protection where adverse claimants reside in different states and to protect the stakeholder as much from the hazard of costs of defending twice as from the danger of double liability.

As was said by the Circuit Court of Appeals for the Fifth Circuit in National Fire Ins. Co. v. Sanders, 38 F.(2d) 212, 214: "It is a fundamental principle of interpleader that its office is not so much to protect a party against double liability as against double vexation in respect of one liability. It is immaterial whether the danger apprehended comes from suits pending or merely threatened. In either case, a court of equity having jurisdiction over the parties may enjoin the institution or further prosecution of the suits and grant adequate relief to the stakeholder and the adverse claimants of the fund."

It thus becomes clear that the jurisdiction of this court to entertain an interpleader bill does not depend upon the validity or even bona fides of the claims of the respective defendants. It is obvious that in almost every case the claim of one of the parties will ultimately be determined to be invalid. That, however, is a matter for determination at the trial and cannot affect the jurisdiction of the court. As we have shown, the purpose of an interpleader bill is as much to protect a stakeholder from the expense of double litigation, however groundless, as it is to protect him from the risk of double liability. That in the opinion of the court he will ultimately escape the latter is no ground for refusing interpleader. Nor does the mere fact that a contractual relationship exists between the plaintiff and one of the defendants, under which the fund is required to be paid to such defendant, defeat the right to interpleader. Penn. Mut. Life Ins. Co. v. Meguire (D.C.) 13 F.Supp. 967.

For the contrary view defendant Anna Segaritis relies upon Calloway v. Miles, 30 F.(2d) 14, a case decided by the Circuit Court of Appeals for the Sixth Circuit in 1929. That case, however, has not been followed in this circuit, and as Circuit Judge Foster said in National Fire Ins. Co. v. Sanders, supra, 38 F.(2d) 212, at page 214, "Calloway v. Miles, supra, is not persuasive as it does not give effect to the fundamental principle of interpleader, that a bill will lie to protect a party against double vexation." Calloway v. Miles seems to us to be opposed to the weight of authority and we do not regard it as controlling.

In the present case the plaintiff is confronted by a suit by one defendant and an adverse claim by another defendant who had possession of the policy. Whether her claim is groundless is not for us to determine at this stage of the proceeding. It is enough that there are two adverse claimants to the fund. Admittedly they are citizens of different states. This court, therefore, has jurisdiction of the suit.

The motion to dismiss the bill is refused.