**MUTUAL LIFE INS. CO. OF NEW YORK v. EGELINE et al.**

No. 4130W.

District Court, N. D. California, N. D.

Nov. 7, 1939.

Knight, Boland & Riordan, of San Francisco, Cal., for plaintiff.

Carter, Barrett, Finley & Carlton, of Redding, Cal., for defendant S. W. Egeline.

J. Everett Barr, of Yreka, Cal., for defendant Mazie Egeline.

WELSH, District Judge.

Plaintiff, The Mutual Life Insurance Company of New York, a corporation, on August 9, 1939, filed herein its bill of interpleader against the above named defendants alleging that the defendant, S. W. Egeline, is a citizen of Oregon, and that the defendant, Mazie Egeline, is a citizen of California residing in Siskiyou County; that each of the defendants are claiming the proceeds of a policy of life insurance in an amount exceeding $500 issued by plaintiff on the life of Robert Egeline, deceased; that the defendant, S. W. Egeline, has brought suit against the plaintiff and the defendant, Mazie Egeline, to recover on the policy, in the Superior Court of the State of California, in and for the County of Siskiyou; That plaintiff is in doubt as to which claimant is entitled to the proceeds of the policy and "fears that it will be subjected to more than one suit upon said policy. * *"

Plaintiff deposited the amount owing under the policy with the clerk of this court, and a temporary restraining order was issued enjoining the defendants from prosecuting any suit to collect on the policy until further order of this court.

The motion now before the Court is to dissolve the restraining order and dismiss the bill in interpleader.

It was shown by affidavit and a certified copy of letters of administration of the estate of Robert E. Egeline, deceased, filed in support of the motion now before the Court, that S. W. Egeline has never been, and is not now, the administrator of the estate of the deceased insured;

and that the estate of the deceased insured makes no claim to any interest in the benefits of the life insurance policy. Accordingly, on October 9, 1939, counsel for plaintiff stipulated to a dismissal of the bill of interpleader as to the administrator of the estate of Robert Egeline, deceased, and it is so ordered. And so the only two claimants to the proceeds of the policy are S. W. Egeline, a brother of decedent, and Mazie Egeline, divorced wife of decedent, both of whom are joined as parties, with the plaintiff, in the suit pending in Siskiyou County at the time of the filing of the bill of interpleader in this court.

A motion to dismiss and to dissolve the restraining order was made by defendants, S. W. Egeline and Mazie Egeline, and submitted on October 2, 1939. Previously, a similar motion on the same grounds was made by these defendants, followed by an amended motion of defendant, S. W. Egeline. Due, however, to a defect in the form of the previous motions in failing to state with particularity the grounds thereof (Rule 7, Subdiv. b(1) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c), and because of an insufficiency in the time of service of the notices of hearing the previous motions and amended motion, a new motion, in proper form and upon due notice, was made. This is the motion which was submitted October 2, 1939. The previous motions were heard on September 25, 1939. At that time, the motion of the defendant, Mazie Egeline, was denied because of failure to appear in support thereof. The motion and amended motion of the defendant, S. W. Egeline, was argued and submitted on the understanding that a new motion on the same grounds was being made by the defendant and would be submitted on October 2, 1939, and thereupon considered together with this defendant's previous motions.

Plaintiff claims that the motion to dismiss and to dissolve the restraining order is not properly before the court, asserting that Rule 12(g) of the Federal Rules of Civil Procedure has been violated, so far as the last motion, submitted October 2, 1939, is concerned; and that since the previous motions are defective, they must be stricken from the files.

Rule 12 of the Federal Rules of Civil Procedure provides for the presentation by a party of certain defenses or objec-

tions by motion prior to the filing of his responsive pleading. Objections to a complaint, or bill, for want of jurisdiction or for failure to state a claim upon which relief can be granted, are included in Rule 12 within that class of objections which a party may make by motion before filing his responsive pleading. Subdivision (g) of this rule then provides: "A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted * * *."

■ It is apparent from a reading of the foregoing provision that it was not intended to preclude a party who has given insufficient notice of his motion from making a corrective motion, before any ruling has been had on his defective motion, designed merely to cure a technical defect in the previous motion made on the same grounds, and to bring it properly before the court.

Further, if plaintiff is correct in its position that all motions prior to the last were defective and subject to be stricken from the files, the situation then is the same as if no motion had been made save that one which was submitted in due form on October 2, 1939.

■ In addition, it appears that when the motions, submitted on September 25, 1939, were heard on that day, counsel for plaintiff did not rest on the defects in the notice of motion and in the time of serving the notice, as objections to the motions being heard; but consented to and did argue them on the merits. In so doing, plaintiff waived these technical objections.

■ The Court therefore concludes that the motion of S. W. Egeline to dismiss this bill of interpleader and dissolve the restraining order heretofore made is now properly before the Court, and will be determined on its merits.

Defendant's motion to dismiss should be granted for want of equity. The allegations of the verified bill of interpleader show, it is true, all of the necessary facts requisite under Title 28, Subdiv. (26) of Sec. 41 of the United States Codes, 28 U.S.C.A. § 41(26), to give this court jurisdiction over this cause. But it not only fails to show equity, but it goes further and shows, affirmatively, a want of equity entitling defendant to a dismissal of the bill. The bill shows that prior to its being filed herein, an action was filed in Siskiyou County in which all of the adverse claimants were joined with the plaintiff to determine the rights in and to the proceeds of this policy issued by plaintiff on the life of Robert Egeline, deceased. The Superior Court of the State of California in and for that county was thereby given jurisdiction over the subject matter here involved. And all of the adverse claimants thereto were thereby subjected to and within the jurisdiction of the process of that court. A decision of that court would determine once and for all the rights to the proceeds of the policy. It further appears, by affidavits filed in support of the motion to dismiss, that service of process has been had on all the parties in that action. Plaintiff, by its own allegations, negatives the possibility of its being subjected to the hazard of double liability or to the vexation of multiple suits on the same liability. And no other facts are alleged showing equity. Plaintiff, at the time of the filing of its bill, had, as fully appears from the bill, an adequate remedy under the code and laws of the State of California (California Code of Civil Procedure, Sec. 386) to protect itself from the hazards to which it claims it is subject.

In the case of Calloway v. Miles, 6 Cir., 30 F.2d 14, the court states at page 15, as follows:

"Section 41, subsec. 26, of title 28, U.S.C., carried into the Code from the Act of February 22, 1917, c. 113, as amended by the Act of February 25, 1925, c. 317, does not change the equitable principles controlling interpleader. It is jurisdictional only. It simply confers jurisdiction upon the District Court 'of suits in equity begun by bills of interpleader,' where adverse claimants of insurance are residents of different states with one residing in the district where the suit is brought.

"The equitable remedy of interpleader has certain essential elements. We mention only those material here:

\* \* \* \* \* \*

"Third—If plaintiff knows to which of the claimants he can rightfully or safely pay, and thus protect himself, or if the

hazard to which he conceives himself to be exposed has no reasonable foundation, he cannot maintain this equitable remedy. Pomeroy's Eq.Jur. vol. 4, § 1459, p. 3452; Id., § 1461, p. 3457; Daniell, Chancery Practice, § 1560; Story's Eq.Pl., § 291, p. 289."

The results reached in the case of Calloway v. Miles, supra, have been criticized in later decisions. But not the view expressed above.

██ ██ The very object of the provisions of Sec. 41, Subsec. 26 of Title 28, U.S.C., is to protect an insurer against the hazards of multiple liability on a policy of insurance resulting from the diversity of citizenship of adverse claimants who could not otherwise be brought within the jurisdiction of one court to determine, once and for all, the rights of the respective claimants, and the obligations of the insurer under the policy. Where that hazard has been removed by reason of all the parties having been subjected to the jurisdiction of a court of competent jurisdiction before any proceedings have been instituted in the Federal Court, the purpose of the federal statute has been accomplished without the necessity of its application. While the federal jurisdictional facts still exist in such case, the equitable grounds do not.

"Interpleader is a well-established equitable remedy existing long prior to the enactment of the statute referred to. [Referring to Title 28 Sec. 41, Subdiv. 26 U.S.C.] The latter enactment did not enlarge the remedial function of the action, but merely extended the jurisdiction of federal courts to the circumstances described in the act. * * * The basis underlying the reasons for the equitable jurisdiction is the ever-existing desire of equity to prevent multiplicity of suits and circuity of action and to promote, without vexatious litigation, an early determination of questions in controversy." Dee v. Kansas City Life Ins. Co., 7 Cir., 86 F.2d 813, 814.

"Interpleader is an ancient equitable remedy which recognizes the right of a disinterested stakeholder, from whom several persons claim the same thing, debt, or duty, to have the conflicting claimants litigate the matter among themselves without embroiling him in their controversies. * * * The stakeholder applies to the court to protect him not only from having to pay or deliver the thing claimed to the several claimants, but also from the vexation of suits which are or may be instituted against him by them. The true origin of the jurisdiction is that there is no remedy at law or that the legal remedy is inadequate. The ground upon which the plaintiff comes into equity is that, claiming no right in the subject-matter himself, he is or may be vexed by having two or more suits brought by different persons going on against him at the same time, and therefore that justice requires that those persons, claiming that to which he makes no claim and with reference to which he has no interest except to rid himself of it, should settle their controversy among themselves and not with him or at his expense and hazard. * * *" Klaber v. Maryland Casualty Co., 8 Cir., 69 F.2d 934, 936.

The courts of various states have in several cases applied the principle that where a plaintiff may have full relief by petition in another suit pending against him in which all claimants are parties, he must resort to that remedy, instead of by separate bill in interpleader. 33 Corpus Juris, p. 425, note 80 to § 7, Interpleader.

This principle is based on equitable considerations which are applicable to the instant case.

For the above reasons, it is ordered: That the temporary restraining order heretofore made and entered herein be and the same is hereby dissolved, and the plaintiff's bill of interpleader on file herein be and the same is hereby dismissed, for want of equity.