## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. KIT et al.
### No. 9935.

District Court, E. D. Pennsylvania.
April 18, 1938.

Robert J. Sterrett, of Philadelphia, Pa., for plaintiff.

E. A. Howell, of Chester, Pa., 'for defendant Helen Kit.

A. Albert Feldman, of Philadelphia, Pa., for defendant Stecker.

MARIS, District Judge.

Answers having been filed to this bill of interpleader by which the defendants join in the prayer of the bill, a decree for a perpetual injunction may be entered. The only question raised is as to whether the plaintiff is entitled to its costs and a reasonable counsel fee out of the fund deposited in the registry of the court.

The proceeds of an insurance policy upon the life of Peter Stacey are involved. The insured died October 15, 1937, and the present suit was instituted February 11, 1938. Counsel for defendant Helen Kit argues that the plaintiff was guilty of unreasonable delay in bringing its suit and, therefore, is not entitled to costs and counsel fee. It may be that unreasonable delay would bar such an allowance, New York Life Ins. Co. v. Bidoggia, D.C., 15 F.2d 126, but we do not regard the delay in this case as unreasonable. The plaintiff is, therefore, entitled to its costs and a reasonable counsel fee, which we fix at the sum of $35. Massachusetts Mut. Life Ins. Co. v. Morris, 9 Cir., 61 F.2d 104.

The defendants have raised the question as to which one of them should be designated as plaintiff in the interpleader. As we understand it, however, this is immaterial since each defendant, after a decree directing an interpleader, occupies the position of a plaintiff and must state his own claim and answer that of the other. The complaints of the claimants against one another may be and usually are set up in their answers to the bill, each of which must then be answered by the other party, and thus issue is joined between them. 33 C.J. 459.

A decree may be entered as prayed for.