**GLOBE INDEMNITY CO. v. PUGET SOUND CO., Inc., et al.**

Civil No. 1136.

District Court, W. D. New York.

Oct. 1, 1942.

Chester McNeil, of Buffalo, N. Y., and Aaron H. Marx, of New York City, for plaintiff.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for Puget Sound Co., Inc., defendant.

Albrecht, Maguire & Mills, of Buffalo, N. Y., for defendant Frank J. Maguire, of Buffalo, N. Y., as executor.

KNIGHT, District Judge.

This is an action for interpleader under the provisions of 28 U.S.C.A. § 41, subd. 26. On or about August 7, 1942, the defendant Puget Sound Company, Inc., commenced an action in the Superior Court of the State of Washington against the plaintiff herein to recover the sum of $7,500. Plaintiff in this instant suit alleges that said Puget Sound Company, Inc., and said Frank J. Maguire, as executor of the estate of Gertrude B. Zulauf, deceased, each claim to be entitled to said sum of $7,500 and have made demand therefor from this plaintiff; that by reason of these conflicting claims, the plaintiff is in doubt as to which defendant is entitled to said fund and has deposited the same in the registry

of this Court to abide the judgment of the Court in this suit. The plaintiff has moved now for an order restraining the defendants from the prosecution of any suit to recover the aforesaid sum during the pendency hereof. The defendant, Puget Sound Company, Inc., moves to dismiss the action of interpleader, and in any event for denial of the injunction.

None of the facts are in dispute. Briefly stated, they are: Globe Indemnity Company was surety on the bond of Frank J. Maguire, as executor and trustee under the will of Josephine V. Blodgett, deceased, and it was legally determined that as such he was liable for certain surcharges. Subsequent to such determination, as a result of negotiations of the interested parties, it was agreed that the Globe Indemnity Company should pay the sum of $208,000 in full settlement of the surcharges aforesaid. Defendant named herein, Nathan E. Blodgett, as remainderman, was entitled to receive one-fourth of that amount, or $52,000. Prior to the making of the agreement, the Globe Indemnity Company had been served with papers purporting to attach the interest of said Nathan E. Blodgett in the aforesaid fund to the extent of approximately $6,500. This attachment was issued in an action commenced by Frank J. Maguire, as executor of the estate of one Gertrude B. Zulauf, against Nathan E. Blodgett. Also prior to the consummation of the agreement aforesaid, the defendant Puget Sound Company, Inc., made a claim to the said $7,500 by virtue of an assignment alleged to have been made by Nathan E. Blodgett, to wit, on June 9, 1941.

The agreement aforesaid, fixing the liability of Maguire, as executor of the will of Josephine V. Blodgett, deceased, and of the Globe Indemnity Company, as surety, shows clearly that all the parties recognized and acknowledged that Puget Sound Company, Inc., and Frank J. Maguire, as executor of the estate of Gertrude B. Zulauf, deceased, were adverse claimants to the $7,500, the share to which Nathan E. Blodgett was entitled as a remainderman. The originally proposed memorandum of agreement dated July 17, 1942, provided that $7,500 of the share of the said Nathan E. Blodgett should be paid to the sheriff of New York County under the writ of attachment held by him. The amendment to the agreement as originally proposed was directed particularly to the last-mentioned provision. This amendment was proposed by Puget Sound, Inc., because it claimed the right to these moneys under its assignment from Blodgett. The amended agreement provides that if the Globe Indemnity Company is compelled to pay on the attachment aforesaid an amount not exceeding $7,500, the amount so paid should be deducted from the amount to be paid Puget Sound Company, Inc., as the assignee of Blodgett. It recites that Puget Sound Company, Inc., does not waive any defense or objection to the attachment or any process thereon issued and recites that the title in the $7,500 shall remain in the Puget Sound Company, Inc., "subject only to such right therein or thereto in others as may be acquired through valid attachment thereof." It is as plain as language can make it that the Globe Indemnity Company, Puget Sound Company and Maguire, as executor of Zulauf, deceased, recognized a dispute or controversy over this particular sum.

The amended agreement was dated July 18, 1942. Maguire, as executor of Zulauf, in June, 1942, brought a suit in the Supreme Court of New York State, Erie County, against Nathan E. Blodgett and Puget Sound Company, Inc., and in that suit on June 10, 1942, served a warrant of attachment against the said $7,500, withheld as aforesaid from the share of Nathan E. Blodgett. On July 23, 1942, the warrant of attachment was vacated as to the defendant, Puget Sound Company, Inc. It was continued as to the defendant, Nathan E. Blodgett, and on August 14, 1942, Maguire, as the Zulauf executor, obtained judgment against Blodgett for $6,477; thereafter, pursuant to the said judgment and the warrant of attachment aforesaid, the sheriff served notice of execution of levy and attachment against the said fund. Between the time of the commencement of the action by Maguire, as executor of Zulauf, and the entry of the judgment aforesaid, the aforesaid suit in the state court of Washington was brought by Puget Sound Company, Inc. It is claimed by the defendant, Puget Sound Company, Inc., that: "The fair import and meaning of that agreement is that the money belongs to the Puget Sound Company and that any attachment to be valid must be against the Puget Sound Company and not against Blodgett inasmuch as the assignment was made more than one year prior to the alleged levy." The mere fact that the assignment to Puget Sound Company bears date more than a year prior to the levy is

not here conclusive that the fund held by the Globe Indemnity Company belongs to the Puget Sound Company. Further, the fair "meaning" of the agreement is not, as stated by Puget Sound Company, Inc., "that the right of Puget Sound Company, Inc. as the owner of the fund is recognized." It is further stated in the brief on behalf of Puget Sound Company, Inc. that Maguire, who was the executor of Zulauf, has agreed that the money can be paid over "unless prevented by the attachment above mentioned." The agreement does not show that Maguire, as executor, recognizes the right of the Puget Sound Company, Inc. to this fund. Maguire's position is directly to the contrary, both as shown by the agreement and his answer herein.

It is also contended on behalf of the Puget Sound Company, Inc., that: "The right to retain possession of the $7,500 for protection against the attachment by reason of the lapse of the stipulated time has expired" and that therefore the Globe Indemnity Company must pay the fund to the Puget Sound Company and also take care of the attachment. The amended agreement provides that "delivery of all documents and all payments required shall be made on July 23, 1942, * * *." The payments other than the $7,500 were made within the time specified. As pointed out heretofore, the Maguire suit and the attachment therein were then pending, and judgment was not entered until some days later. It seems to me it is an obvious conclusion that the parties did not contemplate that the rights of the parties to the Globe Indemnity Company fund should be determined by July 23, 1942.

It is asserted that this "controversy is not a conflict of rival claims to a particular fund, but is in reality a controversy solely between the Globe Indemnity Company and the Puget Sound Company, Inc." Clearly this is not the fact, because Maguire, as executor of Zulauf, claims the right to this fund or a part of it by virtue of the judgment of attachment aforesaid. As such executor, Maguire was a party to the agreement.

Section 41, subdiv. 26, 28 U.S.C.A., supra, sets up the provisions under which a suit for interpleader may be brought. Counsel have discussed at considerable length the purpose and the effect of this statute. Its enactment was for the purpose of the "avoidance of the risk of loss ensu-

ing from the demands in separate suits of rival claimants to the same debt or legal duty. * * * The peculiarity of the strict bill of interpleader was that the plaintiff asserted no interest in the debt or fund, the amount of which he placed at the disposal of the court and asked that the rival claimants be required to settle in the equity suit the ownership of the claim among themselves." State of Texas v. Florida, 306 U.S. 398, 405, 59 S.Ct. 563, 567, 830, 83 L.Ed. 817, 121 A.L.R. 1179. The purpose of the act again is described in Fidelity & Deposit Co. of Maryland v. A. S. Reid & Co., D.C., 16 F.2d 502, 504, in part as follows: "Congress has provided in the act an appropriate remedy to bring into one court, where diversity of citizenship exists, the conflicting claims of adverse parties against a fund held by one having no interest in its distribution, in order that the rights of all claimants may be determined in an orderly manner in one proceeding, thus avoiding a multiplicity of suits."

The instant suit meets the specific provisions of Section 41, supra.

It meets the jurisdictional amount required, the fund in controversy being in an amount upwards of $500. (26) (a), § 41, 28 U.S.C.A.

Two or more adverse claimants, citizens of different states, are claiming to be entitled to the aforesaid fund. Plaintiff, Globe Indemnity Company, is a corporation organized under the laws of the State of New York, with its principal place of business in New York City; the defendant, Puget Sound Company, Inc., is a corporation organized under the laws of the State of Washington, with its principal place of business in Seattle; defendant, Nathan E. Blodgett, is a citizen of the State of Washington, and resides in Seattle; and Frank J. Maguire, said executor, is a citizen of the State of New York and is a resident of Erie County. (26) (a) (i), section 41, supra.

The plaintiff has deposited the fund in question in the registry of the court to abide the judgment of the court. (26) (ii), § 41, supra.

This suit is brought in the district in which one of the claimants resides. As pointed out, the plaintiff Maguire, as executor aforesaid, resides in this Western District of New York. (26) (b), § 41, supra.

Section 41, (26) (c), provides for the issuance of an injunction, and this

naturally follows to effect the purpose of the statute. The court here is not concerned with the merits of the claims of any parties to the fund in question.

It is asserted that plaintiff has incurred no independent liability to either of the claimants and must stand indifferent between them. This does so appear.

The motion of the plaintiff to restrain the defendants and their representatives from instituting or prosecuting any suit or proceedings against the Globe Indemnity Company to recover on account of the aforesaid funds deposited in the registry of this court is in all respects granted.

The defendant Puget Sound Company, Inc., under Rule 12, Rules of Civil Procedure, 28 U.S.C.A. following section 723c moves to dismiss the complaint upon three several grounds, to wit: That the complaint fails to state a claim against the defendant upon which relief can be granted; that defendant has not been properly served with process in this action; and that this court lacks jurisdiction over the person of the defendant because the action is not one specified under 28 U.S.C.A., section 41, subdiv. 26. Each of these grounds has hereinbefore been considered, and the motion as to each must be denied.