**LOEW'S, Incorporated, v. HOYT MANAGE-
MENT CORPORATION et al.**

United States District Court
S. D. New York.

April 26, 1949.

David O. Decker, of New York City, for plaintiff.

Morris Horowitz, of New York City, for defendant Hoyt Management Corporation.

Phillips, Nizer, Benjamin & Krim, of New York City, for defendant Alfred Alderdice.

Sidney Posner, of New York City, for defendant John M. McCloskey.

KAUFMAN, District Judge.

This is an action of interpleader commenced on January 15, 1948. The material facts alleged in the pleadings follow.

Defendant Hoyt Management Corporation, a New York corporation (hereinafter called "Hoyt"), has brought an action in the Supreme Court, New York County, against defendant Alderdice on a complaint containing a claim for breach of contract. Process in that suit was personally served on Alderdice in California and he has appeared therein by procuring leave to open his default in answering and then serving his answer to the complaint therein. That action is still pending and undetermined.

In the New York Supreme Court action Hoyt procured a warrant of attachment on the ground that Alderdice was a citizen and resident of California. The Sheriff

served the warrant on plaintiff herein, a Delaware corporation having its principal place of business in New York City, New York, by which corporation Alderdice was employed in California under a three year contract providing for a salary payable weekly.

After service upon it of the aforesaid attachment, plaintiff withheld 10% of Alderdice's weekly salary until, by January 10, 1948, the amount withheld aggregated $1,146.24.

In the meantime, demands for the amounts withheld were made on plaintiff by both the Sheriff, under the attachment, and by Alderdice, the latter asserting, in effect, that plaintiff had no right to withhold any part of his salary because, under the law of California, his salary was exempt from execution.

Alleging in its bill of interpleader the aforesaid facts, and that the "conflicting claims" of Hoyt and Alderdice leave it in "great doubt" as to which defendant is entitled to be paid and how much, and that it had paid the accumulated fund into the registry of this court, plaintiff demands judgment that defendants be required to settle among themselves their rights to said amount and to any part of the money that should thereafter accrue to Alderdice under the employment agreement between him and plaintiff, and that plaintiff be discharged from all liability in the premises other than as, and to whom, found herein by this court; further, that Hoyt and the Sheriff be enjoined from prosecuting or attempting to prosecute or taking any further action against plaintiff herein by way of attachment or otherwise in the New York Supreme Court action or in any other suit, action or proceeding in any state court or in any court of the United States; and that each of the defendants be enjoined from instituting any action or proceeding in any court against plaintiff herein for recovery of the amount withheld by plaintiff, or of compensation or salary or any part thereof to accrue to Alderdice subsequent to the commencement of this action.

Since the commencement of the action, plaintiff has withheld amounts out of the salary thereafter accruing to Alderdice under the employment agreement, and these have been deposited in the registry of this court. This disposition appears now to be at least in part acceptable to Alderdice, who, in his answer herein, demands judgment "that the moneys now held by the plaintiff herein be paid over to him or in the alternative consents to the payment of said moneys in the registry of this court pending the adjudication of the action now pending between this defendant and the corporation defendant herein in the Supreme Court, State of New York, County of New York."

Defendant Hoyt, by "cross complaint" contained in its answer herein, sets up, in favor of itself and the Sheriff, the pendency of the New York Supreme Court action and the issuance and service of the attachment therein, and demands judgment dismissing the complaint herein and requiring plaintiff to pay the Sheriff all funds in plaintiff's hands and withheld pursuant to the attachment, constituting not less than 10% of all the compensation earned by Alderdice by reason of his employment with the plaintiff subsequent to the service of the said attachment.

The Sheriff, answering separately, alleges the issuance and service of the attachment in the New York County action; that this constituted a good, binding and effective levy upon the income of defendant Alderdice; that levies similar to the levy here involved have been made in a great number of cases and for a great number of years in the State of New York and have been honored and complied with by the persons or parties upon whom such service and levy were made. The Sheriff demands judgment requiring plaintiff to pay over to him, as Sheriff, pursuant to the warrant of attachment, the sum already collected and set aside by plaintiff and further sums sufficient to satisfy Hoyt's claim, amounting in all to $5,200.

The Sheriff has made written formal demand upon plaintiff that it pay over to him all sums due from plaintiff to Alderdice and has threatened to commence suit against plaintiff for the recovery thereof pursuant to Section 922 of the New York Civil Practice Act if plaintiff should fail to comply with his demand. Notwithstanding Alderdice's consent in his answer to

the payment of the moneys into the registry of this court pending the adjudication of the New York Supreme Court action, he had previously written plaintiff, in effect, demanding payment of the moneys withheld from his salary on the ground that his right thereto was established by certain provisions of the Labor Code of the State of California.

Three motions are now before this court. One is a motion by defendant Hoyt for judgment on the pleadings, or, in the alternative, for summary judgment in favor of said defendant dismissing the complaint upon the merits upon the grounds (1) that the court lacks jurisdiction of the subject matter, (2) the complaint lacks equity, and (3) fails to state a claim upon which relief can be granted; the second is a motion by plaintiff to enjoin suits against it by defendants to recover the amounts withheld by it pursuant to the attachment; and the third is a motion by plaintiff for judgment on the pleadings or, in the alternative, for summary judgment in its favor.

 Hoyt's motion for judgment on the pleadings or, in the alternative, for summary judgment, is denied. The questions presented by this motion were before the court in National Fire Ins. Co. v. Sanders, 5 Cir., 38 F.2d 212; see also Armour Fertilizer Works v. Sanders et al., 5 Cir., 63 F.2d 902, affirmed, Sanders v. Armour Fertilizer Works, 292 U.S. 190, 54 S.Ct. 677, 78 L.Ed. 1206, 91 A.L.R. 950. The cases just cited involved the right of insurance companies to bring an interpleader action in the United States District Court for the Eastern District of Texas when the proceeds of fire insurance policies were claimed by one who had attached them in an action against the insured in the Municipal Court of Chicago, and were also claimed by the insured, a resident of Texas, who demanded payment on the ground that the proceeds of the policies were exempt under the laws of Texas. In reversing the judgment of dismissal for lack of jurisdiction, the court said in the National Fire Ins. Co. case, 38 F.2d at page 214: " * * * It is a fundamental principle of interpleader that its office is not so much to protect a party against double liability as against double vexation in respect of one liability. It is immaterial

whether the danger apprehended comes from suits pending or merely threatened. In either case, a court of equity having jurisdiction over the parties may enjoin the institution or further prosecution of the suits and grant adequate relief to the stakeholder and the adverse claimants of the fund."

In overruling the claim that the District Court was without jurisdiction because the res had been impounded by the Illinois court, the court, said 38 F.2d at page 215: "We think that on the case presented the District Court had judisdiction to grant relief to appellants and to determine which of the claimants is entitled to the fund deposited in court, neither of which parties can lose anything by the filing of the bill. If a lien attached to the funds, by virtue of the garnishment, it followed them into the registry of the District Court and may be given full force and effect. On the other hand, if the exemption claimed by Sanders is superior, judgment may be awarded to him. We express no opinion on either of these points."

The jurisdictional requirements of the statute, 28 U.S.C.A. § 1335, as to amount, diversity, and deposit in the registry of the court, being present and complied with, and the court having jurisdiction of the subject matter and the parties, there is no merit in Hoyt's motion to dismiss the complaint.

The fund will, accordingly, remain in the registry of the court pending the outcome of this action, without prejudice, however, to any lien thereon acquired by Hoyt or the Sheriff by virtue of the attachment in the state court. See cases cited, supra, and Steingut v. National City Bank of New York, D.C., 38 F.Supp. 451, 452.

 Plaintiff's motion for summary judgment is granted to the extent of restraining defendants from instituting any proceeding in any state or United States court against plaintiff to recover the moneys deposited in this court, and discharging plaintiff from further liability with respect thereto. 28 U.S.C.A. § 2361; Globe Indemnity Co. v. Puget Sound Co., D.C., 47 F.Supp. 43. No disposition is made at this time of plaintiff's claim insofar as it seeks to procure a determination with respect to moneys which may here-

after become payable by plaintiff to Alderdice under the employment agreement, inasmuch as the court in this action has jurisdiction only to the extent that a fund has been deposited in the registry of the court. 28 U.S.C.A. § 1335.

■ There can be no judgment at this time with respect to the respective rights of the Sheriff, Hoyt and Alderdice in the fund now on deposit in this court, inasmuch as such judgment must await a determination on the merits as to the respective claims of each of the defendants— claims which the parties will now have to state and answer respectively so that issue between them may be joined in this court. See Phoenix Mut. Life Ins. Co. of Hartford v. Reich, D.C., 75 F.Supp. 886, 889; Equitable Life Assur. Soc. v. Kit, D.C., 22 F. Supp. 1022, 1023.

Settle order on notice in accordance with the foregoing, making provision therein for the service and filing of statements by the Sheriff, Hoyt and Alderdice of their respective claims within twenty days after service of notice of entry of the order to be entered hereon, and for the service and filing by each of his answer to the claim of the other within twenty days after receipt of such statement of claim.