**Oliver F. REID, Appellant,**

**v.**

**Lloyd K. BELT, Appellee.**

**No. 1538.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 4, 1954.

Decided Nov. 10, 1954.

138

Richard K. Lyon, Washington, with whom Lyon, Wilner & Bergson, Washington, D. C., was on the brief, for appellant.

James C. Toomey, Washington, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This action was instituted by the filing of a bill of interpleader.[1] The plaintiffs were James T. Barbour, Jr., and James C. Toomey, both of whom are attorneys. Reid and Belt were named as defendants.

The complaint stated that Barbour had filed an action in the name of Belt in the United States District Court for the District of Columbia, and that a judgment had been obtained and satisfied in that action.[2] The funds involved in this suit are deposited in a local bank under the joint control of plaintiffs and they being in doubt as to the proper division of the funds recovered in the District Court requested that the defendants be required to interplead in order to obtain an adjudication as to their respective interests in the money. Reid answered and cross-claimed against Belt. He alleged that by virtue of a contract entered into with Belt prior to the filing of the District Court case it was understood that

1. Municipal Court rule 22.

2. See Belt v. Hamilton Nat. Bank, D.C.

D.C., 108 F.Supp. 689, affirmed Hamilton Nat. Bank v. Belt, 93 U.S.App.D.C. 168, 210 F.2d 706.

he would be entitled to receive 40% of any amount recovered by Belt, and therefore he was entitled to a judgment in his favor for $829.

At trial Reid testified that Belt had conceived an idea of a radio program featuring entertainment by local high school students. The program was to be financed and sponsored by a bank provided Belt could obtain the approval of the school authorities. Belt requested Reid's assistance in obtaining the approval of the school board, and agreed to give him 40% of any monetary return that might be derived from the program idea. The idea for the program was appropriated by the bank and through Reid's guidance and help the judgment against the bank was obtained in the District Court.

Belt answered Reid's cross-claim and denied any contractual agreement with him. Belt contended that Reid was not entitled to any portion of the funds recovered and requested an order directing the plaintiffs to turn the entire amount over to him. The trial court, sitting without a jury, found that Reid had failed to substantiate his claim to 40% of the funds, but found that he was entitled to be reimbursed on a *quantum meruit* basis for the work he performed, and entered a finding and judgment in Reid's favor for $200. The court ordered the balance of the funds turned over to Belt. This appeal by Reid questions the correctness of those findings.

■ It is first contended that the court erred in taking jurisdiction because the plaintiffs were not impartial and disinterested parties. While it is true that a plaintiff requesting interpleader must have no claim or interest in the subject matter of the suit, and must have incurred no independent liability to any of the defendants,[3] we are unable to perceive any such interests or liabilities on the part of the attorneys who originally brought this suit. They were, in fact, mere stakeholders seek-

ing to dispose of the funds recovered in the District Court action. As to attorney Toomey, it was alleged in the bill of interpleader that he had been made a party-plaintiff by consent of all the parties. Appellant admitted this allegation in his answer, and moreover made no objection during the trial to Toomey being a plaintiff. It is too late after trial to raise an objection that the action was not a proper one for interpleader.[4]

■ Appellant's second contention is that the court erred in giving judgment for Belt, because Belt had never filed a cross-claim requesting a judgment in his favor. He argues that a defendant in an interpleader action cannot recover the disputed funds unless he has cross-claimed for those funds against the other defendant.[5] We cannot agree with this argument. The Municipal Court Rules require that all pleadings be construed so as to do substantial justice.[6] To deprive Belt of his recovery after a trial on the merits because of his failure to denominate his pleading as a cross-claim would certainly be a violation of that rule. The pleadings by the various parties set out the issues very clearly, and there can be no question here of any prejudice to appellant as Belt's answer to the cross-claim specifically requested that the entire amount be awarded to him. Even if it were necessary for Belt to cross-claim, and we need not decide that question, his failure to do so does not in the circumstances of this case require reversal.

■ The final assignment of error requiring discussion has to do with the burden of proof at the trial. The trial court found that appellant had failed to substantiate his claim to 40% of the money recovered from the bank, and therefore awarded the entire amount to Belt, less the $200 for appellant's services. Appellant contends that it was error to place

---

3. Morgan v. Kraft, 52 App.D.C. 172, 285 F. 906.

4. Woodmen of the World v. Rutledge, 133 Cal. 640, 65 P. 1105; 48 C.J.S., Interpleader, § 19.

5. Equitable Life Assur. Soc. of U. S. v. Kit, D.C.E.D.Pa., 22 F.Supp. 1022.

6. Municipal Court Rule 8(f).

the burden of proof solely on him, as both defendants in an interpleader action must prove their claims as if they were both plaintiffs. It is well settled that each defendant in an interpleader action must prove his claim by a preponderance of the evidence.[7] In the present case, the judgment of the District Court was in Belt's name. He was the only plaintiff in that action, and as far as that court was concerned only Belt was entitled to any of the money recovered. Thus Belt's claim was established. Appellant did not dispute that the greater part of the money belonged to Belt, but claimed only a part of it, and the burden was clearly on him to prove that claim. Belt denied that Reid was entitled to any part of the fund, as no agreement existed between them as to its disposition. Thus, it was for the trial court to decide as a fact whether the parties had contracted for appellant to share in the fund. The court found that they had not, and there was substantial evidence to support that decision.

Affirmed.

7. Howells State Bank v. Novotny, 8 Cir., 69 F.2d 32.