**Milton W. DAY and Doris L. Day, Appellants,**

v.

**Miriam L. KERLEY, Appellee.**

No. 2244.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 25, 1958.

Decided Nov. 24, 1958.

Daniel I. Sherry, Washington, D. C., for appellants.

Richard L. Walsh, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Colonial Investment Co. having in its possession the sum of $500 which was claimed by Mr. and Mrs. Day, who are appellants here, and by Mrs. Kerley, who is appellee here, filed an interpleader naming the Days and Mrs. Kerley as defendants and deposited the money in the registry of the court. Trial was had on the opposing claims and the Days have appealed from a judgment in favor of Mrs. Kerley.

The sum in question was deposited by the Days with Colonial Investment Co., hereafter referred to as Colonial, under the following circumstances. In September 1955 the Days entered into a contract to purchase from Mrs. Kerley a house and lot in Montgomery County, Maryland. Colonial acted as broker for Mrs. Kerley

---

1. Restatement, Agency, §§ 379, 381, 409.

in the transaction and received from the Days in accordance with the contract a deposit of $100. The contract recited a purchase price of $13,500, payable $500 in cash and $13,000 in the form of a G.I. (Veterans Administration) loan. The securing of such a loan was a condition of the contract and Mrs. Kerley agreed "to pay the Funding Institution The Prevailing Points."

Mr. Day was entitled to G.I. benefits, but had previously exercised them in the purchase of another home, and it was not until June 1956 that it was established that he could again exercise his rights. In the meantime, that is, in April 1956, the Days and Mrs. Kerley entered into a "Special Lease Occupancy Agreement," the purpose of which was to allow the Days to take possession of the premises and pay rent until the contract to purchase was completed. This agreement required the Days to increase the deposit with Colonial to $500 and provided that if the Days failed or refused to make settlement of the contract to purchase, the sum should be forfeited as liquidated damages. It is this sum that Colonial deposited in court when thereafter both parties made demand for it.

After Mr. Day's right to a G.I. loan was established, Colonial applied to Arlington Realty Co., hereafter referred to as Arlington, for such loan. Arlington replied that the loan could be arranged but a loan placement fee of 6½ per cent would be required. Colonial then wrote Arlington that Mrs. Kerley would not pay more than 3½ per cent, but in the same letter stated that the first trust desired was in the sum of $12,000. Arlington then wrote that a loan in that amount could be obtained for the points Mrs. Kerley was willing to pay and it would proceed to procure the loan. On October 4, 1956, Arlington wrote Colonial that the loan arrangements had been made and settlement was tentatively set for October 10. Such settlement did not occur, but the parties continued to communicate with each other regarding final settlement. On November 5, Mr. Day wrote to Colonial complaining of the delay, and stating that if a settlement was not made by December 1, "we shall be obliged to ask for the return of our $500.00 deposit * * * and the voiding of the existing contract."

On December 4 Arlington wrote Mrs. Kerley that unless the loan could be settled by December 10, it would cancel the commitment. On the same day Colonial wrote to the title company fixing settlement for December 7 and notified all parties. On that day Mrs. Kerley went to the title company but the Days did not appear. The president of the title company testified that the case was ready for settlement on that day and that Mrs. Kerley announced that she was ready. Thereafter both the Days and Mrs. Kerley made demand on Colonial for the $500.

The trial court found that Mrs. Kerley was at all times ready, willing and able to convey the property in accordance with the terms of the contract, but that the Days were not, and accordingly awarded judgment to Mrs. Kerley.

On this appeal the Days first contend that Mrs. Kerley was not willing to perform in accordance with the contract because she was only willing to perform on the basis of a $12,000 first trust loan whereas the contract provided for a $13,000 loan. We think appellants are estopped to raise this question. The president of Colonial testified that his company represented Day in attempting to obtain G.I. financing and that Day authorized him to secure a $12,000 loan. Day's own letter of November 5, 1956, referred to the change in financing to which he had agreed, and his demand for settlement was apparently on these changed terms. The record does not show that he denied agreeing to the change or authorizing Colonial to secure the $12,000 loan. Having agreed to a change of terms, the Days cannot say Mrs. Kerley was in default because she was ready to settle on those changed terms.

Claim is also made that Day's letter of November 5, 1956, demanding settlement

by December 1 or return of the deposit, fixed a reasonable time for settlement, and that Mrs. Kerley's appearance for settlement on December 7 is entitled to no effect. This argument overlooks the court's finding that Mrs. Kerley was at all times ready to settle. Furthermore the Days did not on December 1 make a tender of settlement.

It is also claimed that the contract by its terms became void when the Days could not secure the loan specified in the contract, and that they thereby became entitled to return of their deposit. The trial court found that the Days had never claimed return of their deposit on this ground, and such finding is amply supported by the record. It is quite plain that the Days by authorizing Colonial to secure a $12,000 loan waived their right to insist that the contract was void if a $13,000 loan could not be obtained.

■ Another claim of error relates to the burden of proof. The Days contended that the contract was not consummated because Mrs. Kerley refused to pay, as required by the contract, the "prevailing points." The trial court found there was no evidence of what were the prevailing points at the time the contract was made, and that therefore the Days did not establish that the contract failed because of any default on Mrs. Kerley's part. It is argued that this finding placed an undue burden on the Days, because this is an interpleader action and not the conventional plaintiff-defendant situation. We agree with appellant that the successful claimant must establish his own case. "It is well settled that each defendant in an interpleader action must prove his claim by a preponderance of the evidence."[1] Therefore, if the Days claimed a right to recover because Mrs. Kerley refused to pay the prevailing points, it was incumbent on them to prove what were the prevailing points.

Affirmed.

1. Reid v. Belt, D.C.Mun.App., 109 A.2d 137, 140.