DOUGLAS–GUARDIAN WAREHOUSE CORPORATION, Appellant,

v.

RAMY SEED COMPANY, Seed Marketing Association, Inc., Barzen of Minneapolis, Inc., National Bank of Norfolk, Nebraska, De Lay National Bank, Dean Mosher, Vern Trautman, B. H. Mosher, William (Bill) Acklie, Ervin Renner, and John Does, One to Fifty, Appellees.

No. 16174.

United States Court of Appeals Eighth Circuit.

Oct. 12, 1959.

Rehearing Denied Dec. 2, 1959.

Malcolm D. Young, Omaha, Neb. (Harold W. Kauffman, Omaha, Neb., Earl J. Moyer, Madison, Neb., and Gross, Welch, Vinardi & Kauffman, Omaha, Neb., on the brief), for appellant.

William A. Sawtell, Jr., Omaha, Neb. (R. J. Shurtleff, Andrew D. Mapes, Norfolk, Neb., Edgar M. Morsman, and Morsman, Maxwell, Fike & Sawtell, Omaha, Neb., on the brief), for appellee, National Bank of Norfolk, Nebraska.

Before GARDNER and VOGEL, Circuit Judges, and MICKELSON, District Judge.

MICKELSON, District Judge.

This is an appeal by Douglas-Guardian Warehouse Corporation, plaintiff in the District Court, from an order dismissing plaintiff's action in the nature of interpleader for lack of jurisdiction over the

subject matter, ordering the receiver to return to plaintiff the property tendered by it into the registry and custody of the court, and directing that the receiver make a final assessment of costs and for services rendered by him, both to be taxed against the plaintiff.

The action is in the nature of interpleader, brought under the provisions of Title 28 U.S.C.A. § 1335, involving goods and merchandise valued at more than $500. Plaintiff is a resident and citizen of the State of Louisiana and authorized to transact business as a licensed public warehouseman in the State of Nebraska. Defendants are residents and citizens of the States of Nebraska and Minnesota. The complaint alleged that plaintiff had previously received into its custody and possession certain goods, consisting mainly of various kinds of seeds, particularly described in a paper marked Exhibit "A" attached to and make a part of plaintiff's complaint; that the various defendants each claim some right or interest in the goods and merchandise and have made conflicting demands upon plaintiff for the same; that the total of the claims greatly exceeds the quantities and value of the property stored in the warehouse or as represented by warehouse receipts; that some of the defendants made demands for merchandise which the plaintiff denies was ever delivered to it by the defendants or deposited by or for their account in plaintiff's warehouse; that by reason of the conflicting demands of the defendants, plaintiff is in great doubt as to which defendant or defendants, if any, are entitled to any part or parts of the merchandise; plaintiff tenders all goods and merchandise set forth in Exhibit "A" into the registry of the court to abide the judgment of the court; that there may be other claimants whose names are not known to the plaintiff, who, pursuant to R.R.S.Neb.1943 Sec. 88–117, should be required to interplead; that plaintiff has a lien for storage, handling and other charges on the merchandise described in Exhibit "A". The complaint demands that the defendants and each of them be restrained from instituting any action against the plaintiff for recovery of the individual defendants' claims or any part thereof; that the defendants and unknown persons be required to interplead and settle between themselves their rights to the property; that plaintiff's lien be satisfied; and that plaintiff be discharged from all liability with respect to said goods and merchandise and recover reasonable attorneys' fees and costs, and such other relief as might be just and equitable.

Upon this complaint and a separate application and offer of tender, the District Court, on March 6, 1958, by appropriate order, accepted said tender and ordered the United States Marshal for the District of Nebraska to forthwith take custody and control of said merchandise. On March 8, 1958, upon plaintiff's application, the District Court entered an order appointing one Donald R. Ross, attorney at law, of Omaha, Nebraska, as receiver of said property. Defendants, The National Bank of Norfolk, Nebraska, Verne Troutman, Ray Chilcoat, and Ramy Seed Company, filed motions to dismiss upon the grounds which, though stated in a variety of ways, amounted to substantially: (1) failure to state a claim upon which relief can be granted, and (2) lack of jurisdiction over the subject matter under Sec. 1335. Some of the unknown defendants have answered, and some, but not all, of the named defendants have also filed answers. In their answers the defendants claim to hold warehouse receipts issued by the plaintiff for certain specified lots of seed, and there seems to be no dispute in the record that the total amount of seed claimed by the defendants greatly exceeds the amount claimed to be due and owing by the plaintiff. In addition, cross-claims and counterclaims have been filed, all growing out of the subject matter of this action.

The motions to dismiss of the four defendants above named came on for hearing before the District Court, and on July 30, 1958, by a memorandum opinion

and formal order, it was ordered that a hearing be had to determine the aggregate amount of the claims of the defendants, and that if upon such hearing it should be found that the amount of such claims exceeded the amount of merchandise deposited with the clerk, the plaintiff would be ordered to post such additional security as would insure compliance with a future order of the court. On August 11, 1958, plaintiff made a motion for rehearing, which in the main alleged error in the District Court's findings and conclusions in its previous memorandum and order. On November 12, 1958, the District Court entered a supplemental memorandum, and on December 10, 1958, entered its order which, in part, provided:

"1. That the several motions to dismiss for failure to state a claim upon which relief can be granted and for lack of jurisdiction over the subject matter be and they are hereby denied;

"2. That the plaintiff forthwith amend its complaint to plead the largest amount of its obligation in dispute and deposit or give bond for that amount with the Court; and * * *"

Pursuant to said order, the plaintiff, on December 24, 1958, filed an amended complaint which was in all respects identical to the original complaint except for the following additional allegation:

"XVII.

"Plaintiff alleges that the only matter brought into controversy by the plaintiff is the ownership of the property listed in Exhibit 'A'. Plaintiff further alleges that various defendants and intervenors have filed answers, counterclaims and cross-claims demanding delivery by the plaintiff of all or certain parts of said property and some of the parties have alleged to be due to them upon failure of the plaintiff to deliver said property, damages in the total approximate amount of $63,155.89."

The plaintiff failed to furnish the bond required by this last order, and on January 10, 1959, the District Court entered an order which dismissed the plaintiff's action on the ground of lack of jurisdiction over the subject matter, ordered the receiver to return the deposited merchandise to the plaintiff, and directed the receiver to make a final assessment of costs for expenses incurred and an application for services rendered by the receiver, which the court taxed against the plaintiff. The basis of the order was that the plaintiff did not give a bond for the largest amount in dispute as established by the impleaded and answering defendants in their answers and counterclaims, the court being of the opinion that plaintiff, by failing to furnish a bond covering all of the claims, had not sufficiently complied with the jurisdictional requirements of Sec. 1335, Title 28 U.S.C.A. The court reserved ruling on whether it had jurisdiction of the counterclaims and cross-claims filed in the action, and held that the motions to intervene pending before the court had become moot. It is from this order that the plaintiff herein appeals.

The plaintiff contends that the property described in Exhibit "A" is the subject matter of the controversy, and it having tendered into the registry and custody of the court all of such property, being of the value of more than $500, that the court has jurisdiction under the provisions of Sec. 1335; that said property being all of the property in its possession and upon which it seeks to determine the adverse claims to ownership, that no bond should have been or is required under said section.

The case of Austin v. Texas-Ohio Gas Company, 5 Cir., 1955, 218 F.2d 739, is heavily relied upon by both parties to this appeal. The case is important because it appears to be the only Circuit Court decision interpreting Sec. 1335 where the subject matter of the controversy was "property". In that case, at page 744, the court said:

"It is true that the plaintiff seeks a determination of rights in 95,000

shares but tendered into court only the 23,700 shares still within its possession. There are at least two answers to appellants' contention. In the first place, the plaintiff had some control as to the untendered balance of 71,300 shares. Having issued these to certain defendants in trust for certain purposes under the settlement with Austin, it no longer had a possessory or proprietary interest in them, but nevertheless did have the power to refuse to transfer the certificates on its books if such transfers were not in accordance with the purpose for which they were given, or were in violation of the trust. Plaintiff declared in its complaint that it would not make any transfers except on the order of the court and it specifically tendered 'such right or control' which it had over the remaining shares.

"In the second place, this case can be viewed as an action in the nature of interpleader concerning *these* 23,700 shares, in which it is alleged that each of the defendants has some claim. It seems the only natural construction, in fact, of 28 U.S.C. § 1335(a)(2) that this is the 'property' which it is necessary to deposit in court, in a case such as this involving specific property and not simply a claim for money. The applicable words of the statute are: 'The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society *having in his or its custody or possession * * * property* of the value of $500 or more * * * if * * * the plaintiff has deposited *such * * * property * ** into the registry of the court * * *'.''

The court further stated that the statute did not require a plaintiff, in order to obtain jurisdiction, to do the impossible

by delivering into court specific property which he did not have in his possession, provided that he can and does deposit money or specific property in his possession of the value of $500 or more and which is the subject of conflicting claims of the defendants. The court clearly differentiates between cases in which "property" or "money" is the subject matter of the controversy. At page 745 it is stated:

"* * * When claims for a sum of money only are involved, payment of the entire sum (or giving of a bond) is a condition precedent to the court's jurisdiction. But when claims for specific property are involved, the statute imposes the condition of depositing only the specific property in plaintiff's possession, and the further condition that such property be of the value of $500 or more."

■■ The National Bank of Norfolk, Nebraska, being the only defendant filing a brief on this appeal, contends that because plaintiff is a warehouseman, and the complaint alleges the issuance of certain warehouse receipts covering the goods and merchandise which are the subject matter of this controversy, that it comes under that provision of Sec. 1335(a) which reads: "* * * being under any obligation written or unwritten to the amount of $500 or more, * * *", and that therefore, under the provisions of Sec. 1335(a)(2), plaintiff must either deposit property in a sufficient amount to cover these warehouse obligations or give a bond therefor. We do not agree with such contention. The statute specifically mentions money or property, and then continuing in the disjunctive adds "being under any obligation written or unwritten to the amount of $500 or more, * * *". We think that where "property" is the subject matter of the controversy, as it is here, that the above quoted provision does not apply. The subject and scope of this action are the ownership and right to possession of the physical property held

by plaintiff in which the defendants have conflicting and adverse claims. The plaintiff asks as a part of its relief that it be discharged from all liability with respect to the property deposited into the registry of the court and described in Exhibit "A". In the event that any of the defendants have claims against the plaintiff, as distinguished from claims to this property, such claims can be asserted; however, plaintiff should not be required to give a bond to cover such claims. Plaintiff does not seek in this action to absolve itself from liability to anyone. It seeks only to have the court determine ownership of property which the plaintiff had in its custody as a warehouseman, and against which various claims have been asserted. We agree with what was said in the case of Wertheimer v. Bank of Nova Scotia, D.C.S.D.N.Y.1956, 140 F.Supp. 950, that it is that which the person who invokes interpleader asserts is the subject matter of the conflicting claims and which is in his possession that determines what is to be deposited in court. The subject matter of this interpleader action is the goods and merchandise described in Exhibit "A" and which was tendered by the plaintiff into the registry and custody of the court.

The defendant bank further contends that because plaintiff's complaint shows upon its face and by virtue of answers to certain interrogatories, that the property tendered into court was not sufficient to satisfy all of the claims and demands, including the warehouse receipts, and that in order to invoke the jurisdiction of the court it was incumbent upon the plaintiff to explain why the property tendered into court was not sufficient and mentions the "clean hands" doctrine. As authority for its position, it cites the Austin case, supra. in the Austin case, the plaintiff sought a determination of rights in 95,000 shares, but tendered into court only the 23,700 shares still within its possession. We agree that under the circumstances of Austin, it was necessary for the plaintiff to plead a reasonable explanation why it did not have all of the property involved in the dispute still in its possession. In the instant case, we again emphasize that the subject matter of the controversy is only the property described in Exhibit "A" and which was all tendered by the plaintiff into the registry and custody of the court. There is nothing in the record in the instant case to indicate that the plaintiff has disposed of any property wrongfully, and that it does not have clean hands. True, it appears that the property tendered into court may be insufficient to satisfy all of the claims and demands of the interpleaded defendants, but this standing alone is not, in our opinion, sufficient to refuse jurisdiction under the doctrine of "he who seeks equity must do equity and must come into court with clean hands".

Interpleader under Sec. 1335 should be permitted liberally to relieve parties of the hazards and vexations of conflicting claims, and the act should be construed and applied liberally. B. J. Van Ingen & Co. v. Connolly, 3 Cir., 1955, 225 F.2d 740; American-Hawaiian Steamship Co. v. Bowring & Co., D.C. S.D.N.Y.1957, 150 F.Supp. 449; Loew's, Inc. v. Hoyt Management Corporation, D.C.S.D.N.Y.1949, 83 F.Supp. 863.

In summary, we hold that the plaintiff is not and should not have been required by the District Court to give a bond, and that the dismissal of plaintiff's action for lack of jurisdiction over the subject matter by reason of its failure to give a bond was error. It follows that the District Court also erred in ordering the property returned to the plaintiff and taxing against plaintiff the costs incurred by the receiver and his fees for services rendered.

The order appealed from is reversed, and the case is remanded to the District Court for further proceedings.