## DEE v. KANSAS CITY LIFE INS. CO.
### No. 5973.

Circuit Court of Appeals, Seventh Circuit.

Dec. 16, 1936.

Rehearing Denied Jan. 7, 1937.

Carl R. Latham, and Norman A. Korfist, both of Chicago, Ill., for appellant.

Walter H. Eckert and Tom Leeming, both of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Appellee filed its bill of interpleader under subsection 26 of section 41 of title 28 of the United States Code (44 Stat. 416, 28 U.S.C.A. § 41 (26), providing for bills of interpleader, against appellant Dee and one Dusky. The bill alleged that one Ernest Dusky, divorced husband of appellant, who died on November 9, 1935, held at that time a policy previously issued upon his life for $2,500; that appellant, the wife of the insured, was named therein as beneficiary; that the insured did not reserve the right to change such designation; that appellant made many, if not all, of the payments of premiums on the policy; that in 1931 she was granted a divorce from the insured; that on September 19, 1933, appellee received from the insured "notice of change of beneficiary," requesting that the beneficiary be changed to Byron

L. Dusky; that appellee refused to make the change without the consent of the beneficiary and that the amount due on the policy after payment of certain loans was $2,098.48, which amount had been paid into court. The further averment was that each of the parties was claiming a right to recover upon the policy.

Dusky's answer averred that, by reason of the fact that the insured, during his lifetime and after divorce from appellant, had served notice upon the company of his desire to change the designation of beneficiary to him, the son, the latter was, by virtue of the statutes of Missouri and of the decisions of the courts of that state construing them, entitled to recover upon the policy.

Appellant's answer, so far as material here, denied that appellee was entitled to a decree of interpleader, because of an alleged independent liability running to appellant. This independent cause of action, it was said, arose out of two letters written by appellee and appellant's conversations with the representative of the insurance company, as a result of which, it was contended, there arose an agreement that if appellee would continue to pay the premium due on the policy she would receive all of the benefits payable thereunder.

The court heard the testimony upon this issue and held that the evidence did not show an existing independent claim in favor of Dee against the insurer and entered a decree of interpleader, from which the appeal was taken.

Appellant contends that the court erred in undertaking to decide the issue of law and fact as to whether there was an independent liability of insurer to Dee and in not finding that there was such an independent liability.

Interpleader is a well-established equitable remedy existing long prior to the enactment of the statute referred to. The latter enactment did not enlarge the remedial function of the action, but merely extended the jurisdiction of federal courts to the circumstances described in the act. National Fire Insurance Co. v. Sanders et al. (D.C.) 33 F.(2d) 157; Calloway v. Miles (C.C.A.) 30 F.(2d) 14. The basis underlying the reasons for the equitable jurisdiction is the ever-existing desire of equity to prevent multiplicity of suits and circuity of action and to promote, without vexatious litigation, an early determination of questions in controversy. The person seeking the relief, in order to have a decree, must not have any claim or interest in the subject-matter and he must not have incurred any independent liability to either of the defendants. He must stand in the position of a disinterested stakeholder. Morgan v. Kraft, 52 App.D.C. 172, 285 F. 906. The burden is upon him to allege and prove these facts. Here such averments were contained in the bill, and when appellant filed an answer asserting that an independent liability existed, that fact, if it could be proved, was a bar to the maintenance of the bill, for if an independent liability in favor of appellant existed, the insurance company could not qualify as a proper party plaintiff in a bill of interpleader.

Thus the issue was material—it went to the essence of existence of the right to procure a decree. Upon the issue joined, evidence was submitted, and the court found that no independent liability existed and that, therefore, the plaintiff was entitled to maintain its bill. The evidence submitted, when most favorably construed in behalf of appellant, indicated no independent liability, but, rather, merely an explanation by the agent of what he understood to be the legal rights of the parties. He was not a lawyer, and his statement as to the law governing the rights of the parties was of no more weight than a statement of any other layman as to the law. The court saw the witnesses, and, upon examination of the record, we believe, drew the only proper conclusion, and its finding of fact in this respect must be approved.

That the question stated was at issue and that it was essential to determine same, appears from the cases cited by appellant. Thus in Novinger Bank v. St. Louis Union Trust Co., 196 Mo.App. 335, 189 S.W. 826, 829, the court said that if the circumstances are such "that the prayer of the bill of interpleader should be granted except on account of a dispute as to a fact governing and determining whether such right should be granted, then the court should ascertain whether such dispute is real or feigned. Otherwise, the court would have no means of ascertaining whether its equity powers should be exercised or not."

So, here, the court, in determining whether the jurisdiction existed, was, of necessity, compelled to pass upon the issue as to existence of an independent li-

ability. If the court had found that there was such liability, it would have been bound to dismiss the bill, but, finding that there was none such, it was its duty to approve the bill. In Stevens v. Robinson, 94 N.J.Eq. 30, 118 A. 273, the court held that the mere presentation of an issue of fact upon the right to maintain a bill should not deprive the court of the right to inquire into and ascertain whether real and substantial dispute of the nature alleged exists. See, also, Radford v. First Nat. Bank, 71 Or. 84, 142 P. 362.

We find nothing in the cases cited by appellant contrary to our reasoning in this respect. Rather, in each of the cases cited, it appeared from the evidence that the plaintiff filing the bill of interpleader was not a disinterested stakeholder, indifferent to the result of disposition of an undisputed amount held by it. Here the court found to the contrary, at a hearing at which the parties were represented, upon evidence showing that the plaintiff was a disinterested stakeholder and that no independent liability existed. This issue, having been properly determined and being fully supported by the evidence, the decree is affirmed.