**FIRST STATE BANK OF CHARITON, IOWA, v. CITIZENS STATE BANK OF THEDFORD, THOMAS COUNTY, NEBRASKA.**

Civ. A. No. 399.

United States District Court
D. Nebraska, Grand Island Division.

Sept. 14, 1950.

Stuart & Stuart, Chariton, Iowa, Suhr, Pierce & Cronin, Grand Island, Neb., for plaintiff.

James C. Quigley and Lynn E. Heth, Valentine, Neb., for defendant.

Ivan D. Evans, Broken Bow, Neb., for intervener Carl E. Wiese.

DONOHOE, Chief Judge.

■ The plaintiff, an Iowa banking corporation, brought this action to recover $11,650, the amount of a customer's draft which was allegedly accepted for payment by the defendant, a Nebraska banking corporation. This court has jurisdiction of the case because there is diversity of citizenship and the amount involved in the controversy exceeds three thousand dollars. 28 U.S.C.A. § 1332. The draft in question was drawn on the account of a depositor in the defendant bank, one Carl E. Wiese, who is seeking to intervene in this action. The defendant bank, in its answer, has offered to pay $11,650 in the registry of the court and has requested the court to discharge it as defendant and interplead the plaintiff and the intervener.

The court is called upon to consider two issues at this point in the proceeding.

First: Is the defendant bank entitled to interpleader?

Second: Is Carl E. Wiese entitled to intervene?

### Interpleader

■ The main objection to granting interpleader is that the defendant bank may have incurred an independent liability to both the plaintiff and the intervener. The defendant bank may be liable as the unconditional acceptor of the customer's draft which the plaintiff claims to hold in due course. Sec. 62-162 and Sec. 62-1,135, R.S. Neb. 1943. The defendant bank may also be liable to the intervener as a depositor if payment of the draft was not authorized by the intervener. 9 C.J.S., Banks and Banking, § 330, p. 673. The old rule that a possible independent liability of the stakeholder to one of the claimants is a bar to interpleader is not mentioned in the Interpleader Act of 1936, 28 U.S.C.A. §§ 1335, 1397, 2361. Some feel the rule has been abandoned. See Beckman, Interpleader, 16 U. of Cin. L.R. 117, 133 (1942); Note 26 Geo. L.J. 1017, 1021

(1938). But the better view seems to follow the ruling in Dee v. Kansas City Life Insurance Co., 7 Cir., 1932, 86 F.2d 813. In that case the company had issued a policy payable to the wife of the insured, who reserved no power to change the beneficiary. After the wife obtained a divorce, the insured sought to change the beneficiary to his son, but the company refused so long as the wife did not consent. After the death of the insured, the son asserted that by state statutes and decisions he was entitled to the insurance as the beneficiary designated by the insured, after the divorce. The company interpleaded the divorced wife and the son. The wife opposed interpleader because of an alleged independent liability of the company to her based on letters and conversations, which were asserted to create an agreement to give her the benefits of the policy if she continued to pay the premiums. Consequently, even if the beneficiary were effectively changed so that the son was entitled under the policy, the company would also have to pay the wife under the agreement, if binding. The district court agreed that such an independent obligation, if existent, would defeat interpleader under the 1926 Act. However, it said that the mere presentation of an issue of independent liability did not automatically throw out the bill of interpleader or deprive the court of the right to ascertain whether such a liability existed. Accordingly the court took evidence on the issue, found that there was no binding agreement in the wife's favor, and awarded the insurance money to the son. The decision was affirmed on appeal. See Chafee, Federal Interpleader, 49 Yale 377, 412. Though the Dee case arose under the 1926 Act, the same reasoning has been applied under the 1936 Act. In Girard Trust Co. v. Vance, D.C. E.D. Pa. 1946, 5 F.R.D. 109, 114, the court said:

"It is well understood that interpleader is an action conducted in two stages. First, the court must take evidence and determine whether the plaintiff is entitled to interplead the defendants. This is the issue upon which testimony has been taken and which is now before the Court. * * *

"The Court must hear evidence and determine whether there is in fact and substance such a claim, and decide, even in the face of conflicting evidence, whether the basis for interpleader, i. e., a single liability in respect of two claims, exists".

It is a fundamental principle of interpleader that its office is not so much to protect a party against a double liability as against double vexation in respect to a single liability. Loew's Inc. v. Hoyt Management Corp., D.C. S.D.N.Y. 1949, 83 F. Supp. 863, 865. Consequently the court is constrained at this point to take evidence and determine whether or not the defendant bank has incurred a separate and independent liability to both the plaintiff bank and the intervener Wiese.

 It should be noted that the adversity required by Rule 22(1) of the Federal Rules of Civil Procedure, 28 U.S. C.A., is not apparent at this point in the case. If the plaintiff and the intervener are both claiming from a particular fund which is equal to only one of the claims, then obviously, adversity is present; per contra: if the parties claim reimbursement only from the general assets of the defendant bank, adversity would seem to be lacking. The requirement of adversity is not satisfied unless the claims in the aggregate exceed the fund that may be made available for their payment. Standard Surety & Casualty Co. v. Baker, 8 Cir., 105 F.2d 578.

### Intervention

If the court finds that interpleader is the proper remedy in this case, then Carl E. Wiese will be entitled as a matter of right to intervene in this action. If the court finds that interpleader is not the proper remedy, then it is doubtful that intervention should be allowed. There would be no right to intervene under Rule 24(a); and in view of the completely different issues raised by the original parties and the intervener, permissive intervention under Rule 24(b) should probably be denied. When a creditor brings an individual action against a debtor, another creditor will not have an absolute right to intervene. To hold otherwise would be to abandon completely the notion that a plaintiff may control his action and that an unrepresented petitioner must show a lien interest to support an absolute right of intervention. See Moore and Levi, 45 Yale L.J. 565. However, the intervener should have the right to appear and show the nature and sufficiency of his interest in the litigation which he contends entitles him to intervention.

### Conclusion

In view of the foregoing comments, the court, at its convenience, will set the date for a hearing and all three parties may appear and present evidence on the issues set out above and in keeping with their individual pleadings.