## EQUITABLE LIFE INS. CO. OF IOWA v. GILMAN et al.

### No. 7791.

United States District Court
W. D. Missouri.

May 4, 1953.

Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, Mo., for plaintiff.

Robert H. Worline and Ben L. Clardy, Kansas City, Mo., for defendant Ralph E. Poulson.

Donald W. Johnson and Richard A. Erickson, Kansas City, Mo., for defendant Gilman.

REEVES, Chief Judge.

The plaintiff filed its bill of interpleader pursuant to the provisions of a national

statute. It acknowledged its liability on an insurance policy issued to one Earl C. Gilman, now deceased, but claimed that the two defendants, Myron C. Gilman and Ralph E. Poulson, were interposing conflicting claims and that there being a diversity of citizenship it felt justified in filing its bill of interpleader pursuant to said statute and the law.

The defendant, Myron C. Gilman, by his answer challenged the good faith of the plaintiff in filing its bill of interpleader and asserts that the claim of the other defendant, Ralph E. Poulson, was not a bona fide claim and that same was known to the plaintiff.

To maintain his challenge to the good faith of a bill of interpleader the said defendant, Myron C. Gilman, has propounded certain interrogatories to the plaintiff concerning the basis of its claim that the defendant Poulson is a bona fide claimant.

The plaintiff, after refusing to answer some of the interrogatories, has filed its motion for a summary judgment upon the theory that upon all the facts disclosed by the pleadings it is entitled to such judgment.

The co-defendant, Ralph E. Poulson, has filed his first amended answer wherein he asserts that the insured attempted to change the beneficiary from that of Myron C. Gilman to himself, and in his answer he incorporates a letter dated March 5, 1952, purporting to have been written by the insured to the plaintiff wherein he expressed his wish that the change of beneficiary be made to the said Ralph E. Poulson. The answer incorporates the letter but does not attach a copy or the original. According to the answer he could not do this for the reason that, if written, it is in the possession of the plaintiff.

■■■ 1. The law is clear on proceedings of this kind. It has been repeatedly held that an interpleader has well established equitable remedy and that such remedy existed long prior to the enactment of the interpleader statute. In fact, such an enactment did not enlarge but merely extended the remedial function of the action. All it did was to extend the jurisdiction of the federal courts to the circumstances described in the act. The reason for the law is well known. Its purpose was to prevent a multiplicity of suits and circuity of action and permitted an early determination of questions in controversy.

■■■ 2. However, as stated in Dee v. Kansas City Life Ins. Co., 7 Cir., 86 F.2d 813, loc. cit. 814, the party seeking the relief and in order to have a decree, "must not have any claim or interest in the subject-matter and *he must not have incurred any independent liability to either of the defendants.* He must stand in the position of a disinterested stakeholder. * * * *The burden is upon him to allege and prove these facts.*" (Italics mine.)

■■■ 3. In this case, the co-defendant, Myron C. Gilman, has put in issue not only the good faith of the plaintiff but, more than that, he asserts an independent liability as to himself. Under such circumstances, since the burden is upon the plaintiff, it is its duty, not only to answer the interrogatories, but to furnish the challenging defendant all the data it has which form the basis for its bill of interpleader. While it is true that Ralph E. Poulson quotes a letter which he says that the insured wrote the plaintiff, yet this copy in the answer would not be evidence against his co-defendant and the plaintiff. If plaintiff has such letter it should make disclosure of all the facts. It has not done this but by its objection to interrogatories is apparently reluctant to make full disclosure of the facts which caused it to file its bill of interpleader. While it is true that some of the questions, or a portion of the questions propounded by the co-defendant Gilman, call for conclusions, yet the plaintiff should not only disclose the letter and the claim of the said Poulson but it should open to view all the information it has which justified it in filing this bill.

Under such circumstances the objections to the interrogatories will be overruled and the motion for a summary judgment should be denied, and it will be so ordered.