Raymond R. **HURLBUT**, Noel A. Hurlbut, Muriel E. Hurlbut Fairchild, Lois I. Hurlbut Burleson and Leona M. Hurlbut Andrus

v.

**SHELL OIL COMPANY.**

Civ. A. No. 4737.

United States District Court
W. D. Louisiana, Lake Charles Division.
May 13, 1955.

which had been completed by Shell Oil Company on certain property belonging to plaintiffs in Jefferson Davis Parish, Louisiana. Defendant answered, and in its answer set up a counterclaim for interpleader, 28 U.S.C.A. § 1335, admitting therein its liability for the entire ⅛th royalty from the Hurlbut well, but at the same time, alleging that various other parties were claiming those funds, and that because of the resulting claims it was in doubt as to the parties legally entitled to receive them. Defendant also filed a third party claim against parties to whom they, the Shell, had already paid a portion of the royalty.

Motions to dismiss the counterclaim for interpleader and the third party complaint were then filed by plaintiffs and third party defendants. The court rendered an order granting Shell the right of interpleader under the Federal Interpleader Act. At the same time the court also issued an order dismissing defendant's third party complaint. Following the issuance of the order granting interpleader, service of summons and copies of the pleadings containing the counterclaim for interpleader were made on the parties who were alleged by the defendant to be asserting adverse claims to the royalty from the Hurlbut well. An ex parte order was also issued restraining said claimants from instituting any other action against the defendant for the recovery of any portion of the ⅛th royalty attributable to the production from such well.

Kaufman, Anderson, Leithead & Scott, Lake Charles, La., for plaintiffs.

William W. Westerfield, Jr. and George C. Shoenberger, Jr., New Orleans, La., for defendant.

Jones, Kimball, Harper, Tete & Wetherill, Lake Charles, La., for third party defendants.

Lawes, Cavanaugh, Hickman & Brame, Patin & Patin, Porter & Stewart, Lake Charles, La., for interpleaded claimants.

HUNTER, District Judge.

Plaintiffs, Raymond R. Hurlbut et al., filed suit to recover the ⅛th royalty with respect to the production from a well

The interpleader order having been issued ex parte as to the new parties so served, they, the new parties, have now moved the court to vacate the order and to dismiss the counterclaim for interpleader. Intervenors seek to make Shell an active litigant by asserting that Shell is independently liable to them for said royalty, regardless of whether or not Shell might also be liable to original plaintiff.

As intimated above, the serious objection to granting interpleader here is that defendant Shell may have in-

curred an independent liability both to plaintiffs and intervenors. The old rule that a possible independent liability of the stake holder to one of the claimants is a bar to interpleader is not mentioned in the Interpleader Act of 1936, 28 U.S.C.A. §§ 1335, 1397, and 2361. Counsel for defendant vigorously urge that the old rule has been abandoned. The leading textbook authorities on federal practice seem to support.[1] However, this view has been whittled away by judicial interpretations. The present law provides specifically for bills "in the nature of interpleader", and it is true that the judicial interpretations under the present act are to the effect that:

> "A bill in the nature of an interpleader, otherwise good, is not defeated because of plaintiff's personal interest in the subject matter, although he may not be allowed costs or counsel fee by reason of that interest."[2]

However, this court adheres to the principle that the nonexistence of independent liability in favor of the interpleaded party and against the party seeking interpleader is still an essential element of this equitable remedy. This view has been accepted in recent federal decisions.[3] The courts, in both the Equitable Life Insurance case and the Citizens State Bank case, quoted from and followed the ruling in Dee v. Kansas City Life Insurance Co., 7 Cir., 1932, 86 F.2d 813, which arose under the 1926 act, and held the same reasoning applicable in the 1936 act. The facts in Dee are analogous to the facts here. There, the Kansas City Life Insurance Company issued a policy payable to the wife of the insured. The insured reserved no power to change the beneficiary. After the wife obtained a divorce, the insured sought to change the beneficiary to his son, but the company refused because the wife would not consent thereto. The insured passed away and his son asserted that he was entitled to the insurance as the beneficiary designated by the insured after the divorce. The company interpleaded the divorced wife and the son. The wife opposed because of an alleged independent liability of the company to her, based on letters and conversations which were asserted to have created an agreement to give to her the benefits of the policy if she continued to pay the premiums. Consequently, even if the beneficiary were effectively changed so that the son was entitled under the policy, the company would also have had to pay the wife under the agreement, if binding. The court agreed that such an independent obligation, if existent, would defeat interpleader. Accordingly, the court took evidence on the issue.

■ Certainly, the mere presentation of an issue does not automatically throw out the interpleader or deprive the court of the right to ascertain whether or not a serious and substantial issue exists. Under ordinary conditions this court would pursue the procedure followed in Dee, supra, and would take evidence and determine the issue. However, here counsel for both sides, in their briefs, agree that there is no reason or occasion to hear testimony in this case, as the issues concerning independent liability have been well defined in the pleadings and in the oral and written arguments which have been made.

■ The cases seem to indicate that when the issue of independent liability is raised, the parties seeking interpleader must show that there is no independent liability.

■ We are directed to no express authority as to just what type of deter-

---

1. Moore's Federal Practice, Vol. 3, 2204; Federal Practice and Procedure, Barron and Holtzoff, Sec. 551.

2. John Hancock Mut. Life Ins. Co. v. Kegan, D.C.Md.1938, 22 F.Supp. 326; By-num v. Prudential Life Ins. Co. of America, D.C.S.C.1947, 7 F.R.D. 585.

3. First State Bank v. Citizens State Bank, D.C.Neb.1950, 10 F.R.D. 424; Equitable Life Ins. Co. of Iowa v. Gilman, D.C. Mo.1953, 14 F.R.D. 243.

mination should be made. We find no prescribed formula. I hold that the question as to whether or not there is independent liability does not necessitate a trial by me of that question, but only a determination by me that as a matter of law there is or there is not a genuine issue as to law or fact. Flimsy or transparent contentions of independent liability do not create genuine issues. The independent liability of Shell hinges in part on questions of Louisiana law not yet settled by our state courts, and we certainly cannot say as a matter of law that there is no independent liability. Because I believe that the question of independent liability involves a complicated question of law, and the decision thereon depends upon an inquiry into the surrounding facts and circumstances, it is my opinion that the interpleader should be dismissed and the parties freed to assert their respective claims in courts of their own choice. This court is not holding that independent liability exists. It is merely holding that there is a substantial question of fact and law to be determined on the issue.

We have given primary consideration to the respective equities involved. The most that Shell could hope for here would be to retain the parties called in interpleader in the case to try part of the issues and to have them freed from the restraining order and permitted to file suit on the independent claims elsewhere. This would result in the piece meal trial of litigation and would be helpful to no one. I do not believe any legal prejudice will result to any one as a result of the court's action here. The prospect of further litigation over these leases on independent matters in other courts is not legal prejudice. That litigation, if it were to be entertained here, would unduly delay the hearing of plaintiffs' original suit until the conclusion of litigation on the question of independent liability, which litigation gives every promise of being protracted.

The motions to vacate the order and to dismiss the counterclaim for interpleader are sustained.