**K. G. POLAND**, suing in behalf of himself and all other underwriters subscribing underwriters at Lloyd's policy 201598; **A. B. Stewart**, suing in behalf of himself and all other underwriters subscribing underwriters at Lloyd's policy 200436; **British Law Insurance Co., Ltd.**, suing in behalf of itself and all other companies subscribing Institute of London Underwriters Companies policy 200436 (34382) Plaintiffs,

v.

**ATLANTIS CREDIT CORPORATION**, Supreme Navigation Corporation, Maryland Shipbuilding & Dry Dock Company, Moon Engineering Company, Francis H. Moats, Lyons, Ltd., Walter Bower, Aiken Murray Corp., Globe Wireless, Ltd., Mackay Radio & Telegraph Co., World Steamship Service Company, Mobile Overseas Oil Co., Inc., the Texas Company, Gamlen Chemical Company, Florias G. Maroudas, Frank Savas, dba World Wide Engineering Company, Seafare Marine Corp., Argo Marine Supply Co., Inc., Billy S. Makrinos, Novitas Trading Company, International Paint Co., McDonough Iron Works, Neptune Supply Company, Flood & Calvert, Inc., Sedgwick, Collins & Co., Ltd., Paulsen & Webber Cordage Co., Waterbury Company, Inc., Defendants, Red Hand Compositions Company, Inc., Applicant for Intervention.

United States District Court
S. D. New York.
Jan. 6, 1960.

Mendes & Mount, New York City, Wilbur H. Hecht, Alfred A. Lohne, New York City, of counsel, for plaintiffs.

Kelley, Drye, Newhall & Maginnes, New York City, Robert Ehrenbard, Hugh M. Finneran, New York City, of counsel, for Applicants for Intervention, Red Hand Compositions Company, Inc. and John S. Connor.

Garfield, Salomon & Mainzer, New York City, Jacob Freed Adelman, New York City, of counsel, for defendant, Atlantis Credit Corp.

Sylvester & Harris, New York City, for Applicants for Intervention, John J. McCloskey and Felipe S. Tapia.

Thomas J. Irving, New York City, Appearing specially for Foley & Martin for the purpose of this motion.

FREDERICK van PELT BRYAN, District Judge.

On August 9, 1958 the S.S. St. Nicholas stranded and became a constructive total loss. This interpleader action under the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397 and 2361, and Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C., involves what is claimed to be the proceeds of certain insurance policies relating to the vessel and is brought by the insurers.

The St. Nicholas, owned by defendant Supreme Navigation Corporation ("Supreme"), had been mortgaged on February 3, 1958 to the defendant Atlantis Credit Corporation ("Atlantis") to secure a loan of $350,000. The loan was evidenced by a negotiable promis-

sory note bearing interest at the rate of 2% per month.

The owner carried five policies of insurance relating to the vessel. A hull and machinery policy in the face amount of $560,000 covered the vessel from April 5, 1958 to April 5, 1959 and was payable to Atlantis for distribution to Atlantis and Supreme, or order, as their interests might appear. An increased value policy in the face amount of $140,000 covered the same period and was payable directly to Supreme.

A profit on charter hire policy, covering the period from August 8, 1958 to October 31, 1958, had a face amount of $80,000. There is some dispute as to whom the policy was payable. It appears that when the policy was executed on August 7, 1958 it was payable to Supreme. The ship became a loss on August 9. On August 10, 1958 Frank B. Hall & Co., the insurance broker who secured the coverage, issued a "cover note" to Capemar Shipping & Operating Co., Supreme's agent, listing Supreme as assured and Atlantis as loss payee. In February 1959 the insurers were requested by Hall to issue an endorsement to the policy making loss payable to Atlantis for distribution to itself and Supreme as interest might appear. It is unnecessary to resolve here the question of who is in fact the loss payee of this policy.

There were also two small premium reducing policies covering the period from April 5, 1958 to April 5, 1959 and having a face amount of $12,800 as of August, 1959. The loss was payable to Supreme or order.

All of the policies have been the subject of litigation. On February 2, 1959, Atlantis brought suit on the hull and machinery policy and the increased value policy in the New York Supreme Court, New York County. On the same day, and in the same court, Supreme brought two suits in that court on the profit on charter hire and premium reducing policies.

Messrs. Garfield, Salomon & Mainzer represented Atlantis in its action and Messrs. Foley & Martin represented Supreme in its two actions. Mendes and Mount, the attorneys for the plaintiffs here, represented the various insurers in all three state court actions.

The face amount of the policies on which Atlantis sued amounted to $700,000, but because of the "sue and labor" clause Atlantis sought to recover $761,500. Supreme sued only for the face amount of the policies, which was $92,800.

On May 8, 1959 all three state court actions were settled. The Atlantis action was settled for 80% of the claim, roughly $570,000, and the Supreme actions were settled for 80% of the claims, or roughly $74,000.

The stipulation of settlement in the Atlantis action consisted of a two page handwritten document. It was signed by Garfield, Salomon & Mainzer for Atlantis, and by Mendes & Mount for the insurers. It was "Approved & Consented to: [by] Foley & Martin, Attorneys for Supreme Navigation Corp. as its interests may be in addition to those of plaintiff herein". The body of the stipulation provided for payment by defendants to plaintiffs of the agreed amount on June 15, 1959, and provided for entry of judgment in the event that the defendants defaulted.

The settlement with Supreme was more informal and apparently was accomplished by oral agreement of counsel. However, a few days later a letter was sent by Foley & Martin, attorneys for plaintiff Supreme, to Mendes & Mount, the attorneys for the defendant insurers. The letter confirmed that the suit was settled for $74,000 "on the same terms and conditions as the settlement dated May 8, 1959 in the case of Atlantis Credit Corp. against A. B. Stewart, et al."

The interpleader action in this court brought by the insurers who were defendants in the three state court actions concerns the sum of $74,240 payable under the terms of settlement of the Supreme actions in the state court.

The plaintiff insurers name as defendants Atlantis, Supreme and some twenty other parties who are creditors of Supreme which is in financial difficulties and against which a petition in bankruptcy has been filed. They allege that the various defendants claim to be entitled to all or part of the $74,240 which they have deposited in the Registry of this court. The total claims of the named defendants against the fund on deposit amount to over $550,000. Various other parties now seek to intervene in the action as additional parties defendant and if they are permitted to do so the total claims will be considerably higher.

Plaintiff insurers seek to protect themselves from vexatious and multiple litigation by interpleading the named claimants, pursuant to 28 U.S.C. §§ 1335, 1397 and 2361, and Rule 22, F.R.Civ.P. They ask that this court permanently enjoin defendants from instituting any suits against them concerning their liabilities under the two policies of insurance involved or under the settlement made with respect to the proceeds of such policies, and to be discharged from all liability under the policies and settlement with the usual related interpleader relief.

Defendant Atlantis has moved to dismiss the interpleader action upon the ground that interpleader will not lie because the plaintiff insurers are under an independent liability to Atlantis for the amount deposited under the terms of the settlement agreement made between Supreme and the insurers in the two Supreme state court actions. The claim of independent liability made by Atlantis rests on two grounds. In the first place, Atlantis claims that under the letter of May 12, 1959 from the attorneys for Supreme to the attorneys for the insurers, confirming the Supreme settlement "on the same terms and conditions" as the settlement in the action of Atlantis against the insurers, Atlantis is entitled to be paid the amount due under the settlement. In the second place, Atlantis claims an oral agreement made with plaintiffs at the time of the Supreme settlement to pay the amount

due under the settlement to it. Atlantis has submitted affidavits as to the facts in support of its independent liability claims.

The plaintiffs here vigorously dispute the claims of independent liability made by Atlantis. They insist that the letter of May 12, 1959 refers only to the time and method of payment of the amounts due under the settlement and not to the party who was to receive payment, and deny that there was any oral agreement to pay the settlement monies to Atlantis. They also rely on an admission made by the attorneys for Atlantis in a connected litigation in this court that the monies due under the settlement with Supreme were "payable directly to Supreme Navigation Corporation * * *".

Thus there are direct contradictions between the respective affidavits submitted by the plaintiffs and by Atlantis. While the admission by counsel for Atlantis that the settlement monies were payable directly to Supreme is persuasive, it is subject to explanation and it is not conclusive on this question. Whether or not there is an independent liability running from the plaintiffs to Atlantis cannot be determined on the papers now before me. There are issues of fact as to this question which require a trial.

As I pointed out in American-Hawaiian S.S. Co. v. Bowring & Co., D.C., 150 F.Supp. 449, 454–455:

"* * * the better reasoned view seems to be that a party seeking relief in interpleader must show the non-existence of an independent liability to any of the interpleaded parties apart from the liability represented by the fund on deposit. Hurlbut v. Shell Oil Company, D.C. W.D.La., 131 F.Supp. 466; First State Bank of Chariton, Iowa v. Citizens State Bank, D.C.Neb., 10 F.R.D. 424; Equitable Life Insurance Co. of Iowa v. Gilman, D.C.W.D.Mo., 14 F.R.D. 243; cf. Dee v. Kansas City Life Insurance Co., 7 Cir., 86 F.2d 813; 4 Pomeroy's Equity Jurisprudence, § 1326, p. 913. There appears to be no requirement that

this must be alleged in the complaint the essential elements of which are set forth in the statute (but cf. Equitable Life Ins. Co. of Iowa v. Gilman, supra, and Dee v. Kansas City Life Ins. Co., supra). However, it is plainly part of the plaintiff's burden of proof. * * *

"An action in interpleader is conducted in two stages. First, the Court must determine whether plaintiff is entitled to interplead the defendants and may take evidence for that purpose. The second stage is between the respective defendants on their adverse claims. Girard Trust Co. v. Vance, D.C.E.D.Pa., 5 F.R.D. 109, 114.

"Plaintiff's right to interpleader cannot be defeated merely because one of the defendants makes allegations by way of defense or counterclaim that plaintiff has incurred an independent liability to him of the nature which has been just discussed. Such allegations merely create issues of fact which the Court must resolve before making its determination in the first stage of the action. Where such issues have been raised the Court must determine whether there is a real and substantial dispute as to the facts, and, if so, the dispute must be resolved upon a trial. Hurlbut v. Shell Oil Company, supra; First State Bank of Chariton, Iowa v. Citizens State Bank, supra."

The principles enunciated in American-Hawaiian S.S. Co. v. Bowring & Co., supra, control here. A genuine issue has been raised as to the existence of an independent liability running from plaintiffs to the interpleaded defendant Atlantis. It cannot be determined whether plaintiffs are entitled to the remedy of interpleader, including discharge from further liability to Atlantis, until that issue is resolved. A preliminary trial is necessary to resolve it as an integral part of the first stage of the interpleader action.

If, upon the preliminary trial, the claim of independent liability made by Atlantis is found to be without merit, then the complaint in interpleader will be sustained and the plaintiffs may be discharged from further liability on just terms. However, should Atlantis establish its claim of independent liability the complaint in interpleader would be dismissed, at least as to it, Atlantis would be entitled to maintain an action against plaintiffs based on the independent liability, and plaintiffs would be left to such action as might be appropriate with respect to their interpleader claims against the remaining defendants.

Montgomery Ward & Co. v. Fidelity & Deposit Co. of Maryland, 7 Cir., 162 F.2d 264, which plaintiff urges leads to a different conclusion, is clearly distinguishable from the case at bar. Here, in contrast to Montgomery Ward, the interpleading plaintiffs, prior to the settlement of the Supreme action in the state court on which the claim of independent liability is founded, admittedly knew of the existence of the claims of various creditors of Supreme who are named as defendants in the interpleader action. Yet, if Atlantis is to be believed, despite such knowledge plaintiff insurers expressly promised to pay the amount due by way of settlement to Atlantis, the mortgagee of the vessel, and thus created an absolute and independent liability to Atlantis quite apart from any liability which they might have to the other defendants. It may well be that at the preliminary trial it will be found that no such promise was made by the plaintiffs, and that all their liabilities arising out of these transactions were discharged by the payment of the amount due under the Supreme settlement into the Registry of this court. But this is dependent upon the result of the preliminary trial after proof as to the facts and circumstances surrounding the Supreme settlement and the dealings between the plaintiffs and Atlantis with respect thereto.

Accordingly the case will be placed on the trial calendar for a preliminary trial of the issue of independent liability run-

ning from plaintiffs to Atlantis. The temporary restraining order will continue in force and effect until this issue is decided and such further order as may be appropriate can then be made.

██ The motions to intervene remain. All of the applicants for intervention allege that they are creditors of Supreme Navigation Company, the owner of the vessel, who have a right to the funds deposited superior to those of Supreme and equal or superior to those of any of the other named parties. Their claims on their face are at least as valid as those of a number of the named defendants. There is no reason to exclude from the action parties in the same class as named defendants, or to limit the defendants to those creditors of Supreme whom plaintiffs chose to join as parties.

If the applicants for intervention are able to establish their claims as alleged they are plainly "so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court". These applicants may therefore intervene as of right under Rule 24(a) (3), F.R.Civ.P. The merits of their claims will be determined along with those of the defendants already named at the trial of the issues as to the respective rights and priorities to the funds on deposit. The motions of Red Hand Compositions Company, Inc., John S. Connor, John J. McCluskey and Felipe S. Tapia, to intervene as parties defendant are therefore granted.

██ Messrs. Foley & Martin, the attorneys for Supreme in the state court actions, assert an attorneys' lien in the sum of $24,000 against the fund deposited with the court and claim priority of payment out of the fund in the amount of their lien. They ask for immediate payment to them out of the fund deposited. Plaintiffs in turn move to join Messrs. Foley & Martin as additional parties defendant.

The merits of the claim of Messrs. Foley & Martin must await determination at the trial of the issues as to the rights and priorities of the respective

claimants. Their application for immediate payment in the amount of their lien is therefore denied and the application of the plaintiffs to join them as parties defendant is granted.

Settle order in accordance with this opinion on notice.