**Nicholas D. OLIVIER, Plaintiff,**

v.

**HUMBLE OIL & REFINING COMPANY, Defendant.**

**Civ. A. No. 13496, Division D.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 23, 1963.

Reuter, Reuter & Schott, Arthur C. Reuter, New Orleans, La., for plaintiff.

Milling, Saal, Saunders, Benson & Woodward, Andrew McCollam, Jr., Haywood H. Hillyer, Jr., Lawrence K. Benson, Bernard J. Caillouet, W. J. McAnelly, Jr., New Orleans, La., for defendant.

AINSWORTH, District Judge.

This matter involves the diversity suit of plaintiff against Humble Oil & Refining Company for judgment recognizing plaintiff as the owner of a certain overriding royalty interest on 57.36 acres of land in Plaquemines Parish, Louisiana, by virtue of a written instrument dated January 5, 1954, and that defendant pay to plaintiff the accumulated royalties due from date of first production.

Defendant answered, denying any liability to plaintiff and also counterclaimed for an interpleader against certain parties, under Rule 22 of the Federal Rules of Civil Procedure, averring that it may be exposed to double liability by reason of the adverse claims of plaintiff, on the one hand, to an overriding royalty interest under a mineral lease known as the Cutrer Lease, and of Messrs. Helis, Jr. and Laudumiey, on the other hand, to an overriding royalty interest under a mineral lease known as the Perez Lease, on the same 57.36 acres. Which overriding royalty interest is effective is said to depend upon which is the superior lease, the Cutrer or the Perez Lease. Defendant further contends that both overriding royalties cannot be in effect at the same time. Defendant is contractually obligated to bear the burden of ⅚ths of whatever interest is effective. Defendant, therefore, has filed its motion to interplead certain defendants on its counterclaim, said defendants being Messrs. Helis, Jr. and Laudumiey, Mrs. Lillian C. Stevens, executor of the late Noah S. Cutrer, Gulf Oil Corporation and Estate of William G. Helis. The motion is opposed by plaintiff.

Also before us is the motion of plaintiff to consolidate this case with Civil Action No. 8842, Division B, Judge Ellis, of this court, entitled Cutrer Olivier v. Humble Oil & Refining Company, D.C.,

202 F.Supp. 568, on the ground that these actions involve common questions of law and fact and a consolidation will avoid expense and delay. Defendant is opposed to the motion to consolidate.

According to defendant's answer, the Perez group, on October 31, 1949, granted a mineral lease on the involved 57.36 acres and other property to William Helis, now deceased. Helis assigned to plaintiff Olivier an overriding royalty interest of a $\frac{1}{32}$nd by instrument dated November 1, 1949. Plaintiff, acting for Humble's account, obtained a lease dated December 18, 1953 from Noah S. Cutrer (the so-called Cutrer Lease) covering the property involved in this case and Humble assigned to him an overriding royalty interest of $\frac{1}{24}$th of $\frac{7}{8}$ths, on December 19, 1953, which is the interest on which he bases this suit. Eventually, plaintiff acquired from Cutrer an undivided $\frac{1}{2}$ interest to the leased property. Therefore, at one time, plaintiff held an overriding royalty interest under both the Cutrer Lease and the Perez Lease on the same 57.36 acres. Thereafter, plaintiff sold his overriding royalty interest under the Perez Lease, which is now owned by Messrs. Helis, Jr. and Laudumiey. As a result of litigation by the plaintiff and his co-owner Cutrer against the Perez group, a compromise was reached and Cutrer and plaintiff acquired all of the rights of the Perez group. However, the matter of the conflicting overriding royalty interests as between plaintiff on the one hand, under the Cutrer Lease, and Messrs. Helis, Jr. and Laudumiey on the other hand, under the Perez Lease, was not settled or resolved.

Plaintiff argues that defendant's motion for an interpleader should be denied because plaintiff is seeking recovery in this suit under an overriding royalty interest on the 57.36 acres, which interest was assigned directly to him by defendant Humble; therefore, that his claim is independent of the claims of Messrs. Helis, Jr. and Laudumiey under their assignments of overriding royalty interests on the same property and this precludes use of interpleader under Rule 22.

In the assignment of overriding royalty dated December 19, 1953 from Humble to plaintiff, it is stated that the royalty is assigned under and by virtue of the Cutrer Lease. There is also a provision in the assignment that "If Lessor in said lease owns a less interest in the premises covered thereby than the entire and undivided fee, then said overriding royalties shall be payable to the assignee herein in the proportion which the interest of the Lessor in said land bears to the entire and undivided fee."

Defendant does not concede, therefore, that there is independent liability on its part to plaintiff. But defendant contends that nevertheless Rule 22 does not preclude resort to interpleader even should there be independent liability. There is authority to support plaintiff's contention[1] but the better view is that it is immaterial under Rule 22 whether there is such an independent liability. Rule 22 provides that where a defendant is exposed to claims of persons which may result in exposure to double or multiple liability the parties having such claims may be joined as defendants by way of counterclaim for interpleader. The rule further provides:

"It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, * * *."

---

[1]. First State Bank of Chariton, Iowa v. Citizens State Bank, D.C.Neb.1950, 10 F.R.D. 424; American-Hawaiian Steamship Co. v. Bowring & Co., D.C.S.D.N.Y. 1957, 150 F.Supp. 449; Poland v. Atlantis Credit Corporation, D.C.S.D.N.Y.1960, 179 F.Supp. 863; Hurlbut v. Shell Oil Company, D.C.W.D.La., 1955, 131 F. Supp. 466. Rule 22 was overlooked by the authors of these decisions, though it is mentioned in First State Bank, supra, but not in connection with the question of independent liability.

Accordingly, the better view is that under Rule 22 it is immaterial that the party counterclaiming for interpleader has a so-called independent liability to plaintiff or that the claims of the parties sought to be interpleaded are independent of the claims of plaintiff. Builders & Developers Corp. v. Manassas Iron & Steel Co., D.C.Md.1962, 208 F.Supp. 485.

In 2 Barron and Holtzoff, Federal Practice and Procedure, pp. 233–234, the following is pertinent:

"Rule 22 also makes no mention of independent liability, though it does contain language, not found in the statute, that interpleader is not to be denied because 'the plaintiff avers that he is not liable in whole or in part to any or all of the claimants.' A state court, construing an identical rule, has held that the independent liability restriction does not exist under the rule, and there are dicta to the same effect by a federal court. Since the rule and the statute are intended to cover the same subject and to supplement one another, it is unfortunate that the more useful statutory interpleader should be shackled with this ancient and now quite unnecessary restriction while interpleader under the rule, a procedure of much more limited usefulness, is thoroughly modernized. Contemporary procedure, with its flexible provisions for wide joinder of parties and claims, for separate trial of separate issues where necessary, and for shaping the judgment to the necessities of the case is well adapted to disposing of interpleader cases where independent liability is asserted, and there is no reason today, under either the statute or the rule, for continuing to impose a restriction which has no claim to validity save that it is old." See also 3 Moore, Federal Practice, pp. 3007–3009.

We believe it will be necessary, therefore, before a final decision in this case can be reached, to decide which override is valid—that of Messrs. Helis, Jr. and Laudumiey under the Perez Lease or that of plaintiff under the Cutrer Lease. It is, therefore, important that all interested persons be made parties to this litigation. Accordingly, the motion for interpleader is granted.

The motion to consolidate this case with Civil Action No. 8842 pending in Division B of this court is denied because plaintiff has failed to support his contention that these causes involve common questions of law and fact. Docket No. 8842 is not concerned with title to the 57.36 acres or with the controversy between the overriding royalty holders under the Perez and Cutrer Leases. Cutrer v. Humble Oil & Refining Company, D.C.E.D.La.1962, 202 F.Supp. 568, 570, footnote 5. The case is concerned with the ownership of certain water bottoms as between the private claimants, plaintiff and Cutrer and the State of Louisiana, and also involves an attempt to cancel the Cutrer Lease granted to Humble. While the suit, therefore, involves some of the same parties, the questions of law and fact are not the same. Docket No. 8842 is apparently awaiting the outcome of state court litigation in the Louisiana courts to determine the ownership of the water bottoms embraced within the leased area. The claim for cancellation of the lease for failure to develop reasonably has, however, been denied. Royalties are being paid into the registry of this court until such time as plaintiffs' title is quieted or defeated in the state court. Accordingly, the motion to consolidate is denied.