ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, a corporation,
Plaintiff,

v.

F. H. KING, Administrator of the Estate
of Margaret Stack, Deceased,
Defendant.

Civ. No. 68–338.

United States District Court
W. D. Oklahoma.

Nov. 13, 1968.

See also D.C., 45 F.R.D. 521.

James W. Shepherd, of Foliart, Shep-
herd & Mills, Oklahoma City, Okl., for
plaintiff.

Howard K. Berry, Jr., of Berry &
Berry, Oklahoma City, Okl., for defend-
ant.

## ORDER

DAUGHERTY, District Judge.

The Plaintiff has moved to Consolidate
this case with Civil Action No. 68–320,
Betty Erwin v. United States of America,
now pending before another Judge of
this Court. Plaintiff's case before the
undersigned is a Declaratory Judgment
case and the main issue is whether
Margaret Stack had permission from the
United States of America to use the car
involved at the time of the accident.
Civil Action No. 68–320, supra, is a Fed-
eral Tort Claims Act case against the
United States of America in which the

Plaintiff therein claims that she was injured by an agent of the United States of America acting within the scope of her employment at the time, the agent being said Margaret Stack. Betty Erwin also has a state court action against the Defendant in this case, F. H. King, as administrator of the Estate of Margaret Stack, Deceased. It is this state court action which brings about this Declaratory Judgment matter. The Defendant herein opposes the Plaintiff's Motion to Consolidate the Declaratory Judgment action and the Federal Tort Claims Act case.

■ Rule 42(a), F.R.Civ.P., 28 U.S. C.A., provides for the consolidation of actions which involve a common question of law or fact which are pending before the same court. A trial court has broad discretion in ordering the consolidation of cases for trial. Gillette Motor Transport v. Northern Oklahoma Butane Company, 179 F.2d 711 (10 Cir. 1950). As stated by the Rule, a common question of law or fact should be involved in the two actions sought to be consolidated. Olivier v. Humble Oil & Refining Co., 225 F.Supp. 536 (U.S.D.C.La.1963).

The main issue in Civil Action No. 68–320 is whether or not Margaret Stack at the time of the accident was an agent, servant or employee of the United States of America acting within the scope of her employment and, if so, whether she was guilty of alleged negligence proximately causing the accident. In the case before this Court, the main issue is whether at the time of the accident involved herein the said Margaret Stack had permission from the United States of America to use the automobile which she was driving and which was involved in the accident.

■ It appears quite clear that one in the use of an automobile belonging to another may be doing so for and on behalf of the owner as his agent or may be using the same solely for and on behalf of himself but with the permission of the owner of the car. In the former case the owner would be responsible for any negligence of the driver but in the latter case the owner would not be responsible for any such negligence. Thus, it appears to the Court that these two cases do not basically involve a common question of law or fact and the purpose of the federal rule is not met.

■■ Moreover, a trial court in its discretion should not consolidate actions where confusion or prejudice may result. American Photocopy Equipment Co. v. Fair (Inc.), 35 F.R.D. 236 (D.C.Ill. 1963). The Court is of the opinion that confusion will result if the two cases are consolidated. This determination is enhanced by the fact that the Federal Tort Claims Act case must be tried before the Court, whereas, the Declaratory Judgment action is a jury matter and a jury has been demanded in this case. It thus appears that a Judge in the Federal Tort Claims Act case must determine if Margaret Stack at the time of the accident was the agent of the United States of America, and then, if so, whether or not she was guilty of negligence, as claimed, whereas, in the Declaratory Judgment case a jury must determine whether Margaret Stack at the time of the accident had permission of the United States of America to drive its car which was involved in the accident. If she had such permission, the insurance policy would cover the accident whether she was the agent of the Government at the time or not. On the other hand, the United States of America would not be responsible for her negligence in the action if she was not its agent at the time even though the United States of America may have granted her permission to use the automobile for her personal enjoyment.

Therefore, in the discretion of the Court, the Plaintiff's Motion to Consolidate is denied.